## PAUL v. CHILSOQUIE et al.

### (Circuit Court, D. Indiana. November 21, 1895.)

### No. 9,255.

REMOVAL OF CAUSES—CITIZENSHIP—INDIANS.

A member of an Indian tribe residing within the limits of the United States, who has not been naturalized, is not a citizen of the United States nor of the state of his residence, nor is he a citizen or subject of a foreign state, within the meaning of the constitution or the statutes conferring jurisdiction on the federal courts; and such unnaturalized Indian cannot remove into a federal court a civil suit, brought against him in a state court, unless it appears upon the face of the complaint or declaration that a federal question is necessarily involved.

This was an action of ejectment, brought in a court of the state of Indiana, by Henry C. Paul, against Chilsoquie, a Miami Indian, and others. Defendant Chilsoquie petitioned for the removal of the cause to the federal court. Denied.

Spencer & Branyan, for plaintiff.

Buell M. Cobb, for petitioner.

BAKER, District Judge. This is an action pending in the circuit court of Wabash county, in the state of Indiana, for the recovery of the possession of a parcel of real estate situate in the county of Huntington, in the state of Indiana, of which the defendant Chilsoquie is alleged to have possession without right. The petitioner seeks removal on the ground of bias and local prejudice which will prevent her from obtaining a fair and impartial trial either in the court where her cause is now pending or in any other court of the state into which the cause can be removed. There is no claim that the cause of action is removable into this court on the ground that the suit is one arising under the constitution or laws of the United States, or under any treaty made under their authority. Nor is it shown in the petition that this court can assume or exercise jurisdiction because the controversy or suit is one between citizens of different states. The petition avers that the plaintiff, Henry C. Paul, is a citizen of the state of Indiana, and that the defendant Chilsoquie "is a Miami Indian, and that she has never exercised any rights of citizenship in the state of Indiana; that for many years the Miami Indians have been residents of, and maintained tribal relations in, the state of Kansas, and that she has always been recognized, both by the chiefs and the head men of said tribe, as well as by the government of the United States, as a member of said tribe, and that she is not a citizen of the state of Indiana, and that at the time said tribe was removed from the state of Indiana to the state of Kansas she, having been married to Francis Revarre, remained in the state of Indiana," and that she had never removed therefrom. There is no statement in the petition that she is taxed or taxable. The counsel for the petitioner maintains that the Miami tribe of Indians has been recognized by the government as a state or nation having the right to make treaties, to carry on

war, and to perform other ordinary governmental functions; and that the defendant, as a citizen or subject of that tribe or nation, has the right to remove any civil controversy or suit involving the sum or value of $2,000, exclusive of interest and costs, between herself and a citizen of the state of her residence, into the United States courts. The defendant is not a citizen of the United States nor of the state of Indiana. She could only become such either by being naturalized in a court of competent jurisdiction in accordance with the laws of the United States, or by having the rights of citizenship conferred upon her by an act of congress or by the treaty-making power. Elk v. Wilkins, 112 U. S. 94, 5 Sup. Ct. 41. The petitioner has never become a naturalized citizen of the United States, nor have the rights of citizenship ever been conferred upon her, either by an act of congress or by the treaty-making power. In the case just cited the court said:

"Indians born within the territorial limits of the United States, members of, and owing immediate allegiance to, one of the Indian tribes (an alien, though dependent, power), although, in a geographical sense, born in the United States, are no more 'born in the United States, and subject to the jurisdiction thereof,' within the meaning of the first section of the fourteenth amendment, than the children of subjects of any foreign government born within the domain of that government, or the children, born within the United States, of ambassadors or other public ministers of foreign nations."

The defendant, therefore, has no right of removal on the ground of diversity of citizenship between herself and the plaintiff, for the reason that she is not a citizen either of the United States or of any state of the Union.

Is the controversy or suit sought to be removed one "between citizens of a state and foreign states, citizens, or subjects"? Clearly, it is not. Indian tribes residing within the territorial limits of the United States are not foreign nations or states. Cherokee Nation v. State of Georgia, 5 Pet. 1, 19. In this case it was held, upon mature deliberation, that an Indian tribe or nation within the United States was not a foreign state, in the sense of the constitution, and that it could not maintain an action in the courts of the United States on the ground that it was a foreign state. The doctrine of this cause has never been departed from, but often reaffirmed. See Cherokee Nation v. Southern Kan. Ry. Co., 135 U. S. 641, 653, 10 Sup. Ct. 965, and cases there cited. It must, therefore, be regarded as settled that an Indian tribe within the United States is not a foreign state, within the meaning either of the constitution or the statutes creating and conferring jurisdiction on the federal courts. Since an Indian tribe is not a foreign state, it necessarily and inevitably follows that an inhabitant or member of such tribe cannot be regarded as a citizen or subject of a foreign state. Karrahoo v. Adams, Fed. Cas. No. 7,614, 1 Dill. 344. The relation of an unnaturalized Indian segregated from his tribe and residing in a state, in respect of both state and federal authority and jurisdiction, is peculiar, and often gives rise to difficult and perplexing questions. But no such questions are presented by this record; and, inasmuch as there is no provision in the act of March 3, 1887, or the

amendatory act of August 13, 1888, or in any other act of congress, conferring jurisdiction on the circuit courts of the United States in civil controversies or suits by or against Indians, it follows necessarily that the petition for removal must be denied.   While it would seem, since Indians are members of a dependent domestic tribe or nation, and are regarded as wards of the national government, that the courts of the United States ought to have jurisdiction of civil suits by or against them, it suffices to say that no such jurisdiction has been conferred.   Congress has not seen fit to confer upon Indians, as such, the right to prosecute civil suits in the United States courts, or to remove them from the courts of the state into such courts, simply on the ground that they were Indians.   Prior to the decision in the case of Tennessee v. Union & Planters' Bank, 152 U. S. 454, 14 Sup. Ct. 654, the petitioner for removal might show that the controversy or suit necessarily involved a federal question, and thus procure a removal, although the existence of such federal question did not appear on the face of the complaint or declaration, but was disclosed by the answer or petition for removal.   While such a practice existed, Indians could generally procure a removal of suits against them from the state into the federal courts, because rights of action in civil causes by or against them usually arose under the laws of the United States or under treaties made with the Indian tribes.   As the law is now settled, an unnaturalized Indian cannot remove a civil suit brought against him in a court of the state into the courts of the United States, unless it affirmatively appears on the face of the complaint or declaration that a federal question is necessarily involved.   See Tennessee v. Union & Planters' Bank, supra.   The petition is therefore denied, at the costs of petitioner.