In re CELESTINE.

(District Court, D. Washington, N. D.   March 25, 1902.)

1. FEDERAL COURTS—JURISDICTION—SUITS BY INDIANS.
    The circuit and district courts of the United States have no jurisdiction except such as congress has given them by law, and there is no law conferring jurisdiction upon either of a suit merely because an Indian, who is a ward of the government, is a party, or his personal rights are involved.

2. SAME—AUTHORITY OF INDIAN AGENT TO SUE.
    There is no statute authorizing an Indian agent to sue for the benefit or protection of the Indians under his charge, so as to bring such a suit within the provision of Rev. St. § 563, which gives the district court jurisdiction "of all suits at common law brought by the United States, or by any officer thereof authorized by law to sue." On the contrary, it is the right and duty of the government itself to maintain such suits as are necessary to protect the rights of tribal Indians.

3. HABEAS CORPUS—PARTIES—SUBSTITUTION OF UNITED STATES AS PETITIONER.
    A district court will not make an order permitting the United States to be substituted as petitioner for a writ of habeas corpus in a proceeding of which, as instituted, the court is without jurisdiction, at least unless such anomalous action is shown to be necessary to prevent a failure of justice.

4. INDIANS—STATUS OF ALLOTTEE OF LANDS IN SEVERALTY.
    An Indian born within the United States, to whom an allotment of land in severalty has been made pursuant to law, becomes, under Act Feb. 8, 1887 (1 Supp. Rev. St. [2d Ed.] p. 536), a citizen of the United States, with all the rights, privileges, and immunities of such, among which is the right to sue in any proper forum, federal or state, and thereafter the government is relieved from the duty of representing him in suits involving his personal or domestic rights.

Application by Josie Celestine for a writ of habeas corpus.   On return challenging the jurisdiction of the court.

E. E. Cushman, Asst. U. S. Atty., for petitioners.
Richard Osborne, for respondents.

HANFORD, District Judge.   Upon the petition of Mrs. Josie Celestine, an Indian woman residing on the Tulalip Indian reservation, and Dr. Buchanan, United States Indian agent in charge of said reservation, this court granted a writ of habeas corpus against George Sidwall and his wife, who are Indians residing near Seattle, and not upon an Indian reservation, for the purpose of inquiring into the cause of the alleged detention of Annie George, an infant child of the petitioner, Mrs. Josie Celestine.   The object of the proceeding is to restore to Mrs. Celestine the custody and control of her child.   By their return to the writ, the respondents admit the parentage of the child, admit that she has been in their care since the death of her father, and admit that they have refused to give up the child to her mother; but they urge that they have become attached to the child, and that they are willing and anxious to keep and provide for her as their own child, which they are able to do.   They also deny the jurisdiction of the court to interfere in the matter.

The question of jurisdiction is serious, and must be decided before the court can give consideration to the merits of the controversy.

The case was instituted and has been conducted by the United States district attorney upon the theory that the Indians are wards of the national government, that congress has plenary power to make laws for their protection and affecting their rights, that the executive department of the government exercises authority over the Indians, and that the federal courts should hear their complaints and adjudicate questions affecting their rights. This theory has a plausible sound, but it is erroneous in assuming that the courts may exercise jurisdiction in cases properly cognizable therein on that ground alone. Congress has power to define the jurisdiction of the courts inferior to the supreme court, and from the beginning the rule has been steadily adhered to that these courts have no jurisdiction except that which congress has conferred by law. Authority is given by law to this court to issue writs of habeas corpus, but this authority can only be exercised in cases of which the court has jurisdiction. In re Burrus, 136 U. S. 586, 10 Sup. Ct. 850, 34 L. Ed. 1500. The right to invoke the jurisdiction of the federal courts has not been given to the Indians, nor is jurisdiction given to the courts to adjudicate questions with respect to the domestic relations of the Indians or other people. The general jurisdiction of the district court is conferred and defined by the acts of congress now included in section 563, Rev. St., and in the enumeration of the powers therein conferred the nearest approach to this case is in the fourth subdivision, by which jurisdiction is given "of all suits at common law brought by the United States, or by any officer thereof, authorized by law to sue."

Therefore our inquiry is narrowed down to the question whether an Indian agent of the United States is authorized by law to sue for the benefit or protection of Indians, and my attention has not been directed to any statute giving to such officer any such authority. On the contrary, it has been decided in several cases that it is the right and duty of the government itself to maintain such suits as may be necessary for the protection of the rights of the Indians. 16 Am. & Eng. Enc. Law (2d Ed.) 226; U. S. v. Boyd (C. C.) 68 Fed. 577; U. S. v. Flournoy Live Stock Co. (C. C.) 69 Fed. 886; Id., 71 Fed. 576; U. S. v. Winans (C. C.) 73 Fed. 72. The reasons above given lead me to the conclusion that whilst the government may, in performance of the paternal functions which it has assumed with respect to Indians who are neither aliens nor citizens, maintain suits and actions in any form when necessary for their protection, Indian agents cannot of their own volition assume like authority. They must show authority conferred by law, or else this court cannot take jurisdiction. Congress can confer the necessary authority upon those officers, but it has not done so, and therefore this court does not have jurisdiction of this case.

The district attorney, in behalf of the United States, has asked for leave to intervene and carry the case through as if the government had appeared as a party of record at the commencement of the case, but it would be an irregular proceeding for a new party to intervene in a case of which the court has no jurisdiction. I believe that there is no precedent for a proceeding so extraordinary as this would become if the national government should now appear in the role of a petitioner for a writ of habeas corpus. I am not prepared to say that the gov-

ernment cannot do such a thing if it should be necessary in any case in order to prevent a failure of justice, but it is not necessary in this instance. I say that it is not necessary, because the evidence shows that the mother of this child is now married to an Indian to whom an allotment of land has been made pursuant to a law of the United States, and, being a Tulalip Indian, I have a right to infer that he was born within the United States. Such an Indian is a citizen of the United States, and entitled to all the rights, privileges, and immunities of other citizens, including the right to sue in the proper forum. Congress has relieved the government of responsibility in such cases as this by conferring the rights of citizenship upon Indians to whom allotments of land have been made. 1 Supp. Rev. St. (2d Ed.) p. 536; U. S. v. Kopp (D. C.) 110 Fed. 160. Equality of rights and of responsibilities is an incident of citizenship, and those Indians who have become citizens may be likened to the negroes in this country since their enfranchisement by the fifteenth amendment to the constitution, of whom the supreme court, in an opinion written by Mr. Justice Bradley, has said:

"When a man has emerged from slavery, and by the aid of beneficent legislation has shaken off the inseparable concomitants of that state, there must be some stage in the progress of his elevation when he takes the rank of a mere citizen, and ceases to be the special favorite of the laws, and when his rights as a citizen or a man are to be protected in the ordinary modes by which other men's rights are protected." Civil Rights Cases, 109 U. S. 25, 3 Sup. Ct. 31, 27 L. Ed. 844.

In view of their status as citizens, I consider that the mother and stepfather of this child should be permitted to seek an adjudication of their controversy with respect to her in the state court which has jurisdiction of such causes.

A judgment of dismissal for want of jurisdiction will be entered.