## FILHIOL *v.* MAURICE.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE EASTERN DISTRICT OF ARKANSAS.

No. 50. Argued March 5, 6, 1902.—Decided April 7, 1902.

In an action of ejectment against private individuals, the jurisdiction of the Circuit Court cannot be maintained on the ground that by averments that plaintiffs were ousted in violation of the treaty of October 21, 1803, and of the Fifth Amendment, the provisions of which it was the duty of the Federal Government to observe, it appeared that the case arose under the Constitution, or laws, or treaties of the United States.

This was an action of ejectment brought by Hippolite Filhiol and others, in the Circuit Court of the United States for the Eastern District of Arkansas, against Charles E. Maurice, Charles G. Convers and William G. Maurice, for the recovery of a parcel of land in the city of Hot Springs, Garland County, Arkansas, on the permanent reservation at Hot Springs, de-

scribed as Bath house site No. 8, and for rent-thereof as damages. Plaintiffs deraigned title as heirs at law of Don Juan Filhiol, to whom it was alleged the lands were granted February 22, 1788, by the then Spanish governor of the province of Louisiana, by virtue of which grant said Filhiol became the owner of a tract of "about three miles square, embracing all the hot springs in the city of Hot Springs, Garland County, Arkansas," and including the parcel of land for which plaintiffs brought suit. The complaint did not aver the citizenship of plaintiffs or defendants, although the caption described plaintiffs as residents of several States other than Arkansas, but it was averred as follows: "And for cause of action say that by the Fifth Amendment of the Constitution of the United States and the third article of the treaty of the United States of America and the Republic of France, which was ratified on the 21st day of October, 1803, the United States undertook and agreed to maintain the said Don Juan Filhiol and his heirs in their right and title to the land in controversy and their full enjoyment of the same, but, in violation of the provisions of said treaty and without due process of law and in violation of the Fifth Amendment of the Constitution of the United States, defendants did, without condemnation and without compensation to plaintiffs, on or about the second day of January, 1897, wrongfully and without right, oust the plaintiffs from the possession of the land in controversy, and for more than two years last past have held possession and they now hold possession of the land in controversy wrongfully and without right, and they refuse to surrender possession of the same to plaintiffs." Defendants demurred to the complaint, on the ground that its allegations did not "constitute a cause of action."

The Circuit Court sustained the demurrer, and plaintiffs electing to stand on their complaint and declining to amend, the complaint was dismissed with costs. A writ of error directly from this court was then allowed.

*Mr. William F. Vilas* and *Mr. Clifford S. Walton* for plaintiffs in error. *Mr. J. H. McGowan* was on their brief. *Mr. Branch K. Miller* filed a brief for same.

*Mr. Assistant Attorney General Pradt* for defendants in error. *Mr. George H. Gorman* was on his brief.

Mr. Chief Justice Fuller delivered the opinion of the court.

Writs of error may be sued out directly from this court to the Circuit Courts in cases in which the construction or application of the Constitution of the United States is involved; or in which the validity or construction of any treaty made under the authority of the United States is drawn in question. Act of March 3, 1891, c. 517, § 5, 26 Stat. 826.

And we repeat, as has often been said before, that a case may be said to involve the construction or application of the Constitution of the United States when a title, right, privilege or immunity is claimed under that instrument, but a definite issue in respect to the possession of the right must be distinctly deducible from the record before the judgment of the court below can be revised on the ground of error in the disposal of such a claim by its decision. The same rule is applicable in respect of the validity or construction of a treaty. Some right, title, privilege or immunity dependent on the treaty must be so set up or claimed as to require the Circuit Court to pass on the question of the validity or construction in disposing of the right asserted. *Muse* v. *Arlington Hotel Company,* 168 U. S. 430, and cases cited.

The jurisdiction of the Circuit Court was not invoked in this case on the ground of diverse citizenship, but on the ground that the case arose "under the Constitution or laws of the United States, or treaties made, or which shall be made, under their authority." And it is settled that in order to give the Circuit Court jurisdiction of a case as so arising, that it does so arise must appear from the plaintiff's own statement of his claim.

As the Circuit Court took jurisdiction, which could only have been on the latter ground, and decided the case upon the merits, the writ of error was properly taken directly to this court, the jurisdiction of which is exclusive in such cases. *Huguley Manufacturing Company* v. *Galeton Cotton Mills,* 184 U. S. 290; *American Sugar Company* v. *New Orleans,* 181 U. S. 277.

We are met, however, on the threshold with the question whether the jurisdiction of the Circuit Court could be main-

tained on that ground. It does not appear that this question was raised below, and, on the contrary, the Circuit Court disposed of the case on the merits, that is, assuming jurisdiction, the Circuit Court decided that the complaint failed to set up a cause of action.

Did it appear from plaintiffs' own statement that the case arose under the Constitution or a treaty of the United States? We do not think it did.

The Fifth Amendment prohibits the exercise of Federal power to deprive any person of property without due process of law, or to take private property for public use without just compensation; and the treaty of October 21, 1803, provided for the protection of the inhabitants of the territory ceded in the enjoyment of their property. Public Treaties, 200.

But no right, title, privilege or immunity was here asserted as derived from the Constitution or the treaty, as against these private individuals, who were impleaded as defendants, either specifically, or through averments that plaintiffs were ousted in violation of the treaty and of the Fifth Amendment, the provisions of which it was the duty of the Federal Government to observe.

The gravamen of the complaint was that plaintiffs' ancestor had a perfect title, to which they had succeeded, and the appropriate remedy for illegal invasion of the right of possession was sought, but it was not made to appear that the Circuit Court had jurisdiction, for the action was not against the United States, nor could it have been, as the United States had not consented to be so sued, and so far as defendants were concerned, it was not charged that they took possession by direction of the Government, and plaintiffs set up no more than a wrongful ouster by merely private persons, remediable in the ordinary course, and in the proper tribunals. And see *Arkansas* v. *Coal Company*, 183 U. S. 185; *Muse* v. *Arlington Hotel Company*, 168 U. S. 430.

The particular grounds of the decision of the Circuit Court on the merits do not appear, nor is it material, as that court manifestly had no jurisdiction.

*Judgment reversed and cause remanded with a direction to dismiss the complaint for want of jurisdiction with costs.*