## DEERE v. ST. LAWRENCE RIVER POWER CO. et al.

Circuit Court of Appeals, Second Circuit. May 6, 1929.

No. 305.

For opinion below, dismissing former complaint, see 22 F.(2d) 851.

Wise, Whitney & Parker, of New York City (Jennings C. Wise, of New York City, of counsel), for appellant.

Hamilton Ward, Atty. Gen., and Henry S. Manley, Asst. Atty. Gen., for appellee the State of New York.

H. C. Hale, of Canton, N. Y. (Charles E. Hughes, Charles E. Hughes, Jr., and John Fletcher Caskey, all of New York City, of counsel), for other appellees.

Before MANTON, L. HAND, and CHASE, Circuit Judges.

MANTON, Circuit Judge. This appeal is from a decree dismissing the bill in a suit for ejectment to secure possession of a tract of land one mile square, in St. Lawrence county, New York. It was dismissed below on motion for want of jurisdiction.

Appellant sues as a member of the St. Regis Tribe of Indians, on his own behalf and of other members of the tribe. The bill alleges that the tribe was out of possession for over 100 years. We may take notice that the location of the St. Regis Indian Reservation is in Franklin county, New York, adjacent to the St. Lawrence river. It is supported by the state of New York, and does not embrace the locus in quo, which is St. Lawrence county on the Grasse river. This tract has been privately owned for over 100 years. The bill alleges that the St. Regis Tribe is a band of the Mohawk Nation, which Mohawk Nation is a constituent nation of the Six Nations of the Iroquois Confederacy; that by the treaty of Ft. Stanwix, made in

1784 (7 Stat. 15), the Six Nations were secured in peaceful possession of the lands they inhabited, including the locus in quo; by the treaty between the United States and the Seven Nations of Canada and the state of New York, made in 1796 (7 Stat. 55), this particular tract in question was reserved to the use of the St. Regis Tribe of Indians; that the appellant is a member of the St. Regis Tribe, and that the lands so reserved are set apart as a federal reservation for said tribe, and no part of the reservation, as originally created, has been disposed of by the United States, nor with its consent, and that the appellees are in wrongful possession, withholding the same from the appellant.

■ Diversity of citizenship is not relied upon to grant jurisdiction. Nor may this action be maintained merely because the appellant is an Indian. Karrahoo v. Adams, 1 Dill. 344, Fed. Cas. No. 7,614; Paul v. Chilsoquie (C. C.) 70 F. 401; In re Celestine (D. C.) 114 F. 551. The authorities in the actions where Indians have been litigants, referred to by the appellant (Lone Wolf v. Hitchcock, 187 U. S. 553, 23 S. Ct. 216, 47 L. Ed. 299; Gritts v. Fisher, 224 U. S. 640, 32 S. Ct. 580, 56 L. Ed. 928; Chase v. United States, 256 U. S. 1, 41 S. Ct. 417, 65 L. Ed. 801; Taylor v. Anderson, 234 U. S. 74, 34 S. Ct. 724, 58 L. Ed. 1218; Lane v. Pueblo, 249 U. S. 110, 39 S. Ct. 185, 63 L. Ed. 504), were cases where Congress created a tribe of Indians a body corporate for the purpose of bringing suit, or where the suit was maintained against the United States or one of its officers. In Sizemore v. Brady, 235 U. S. 441, 35 S. Ct. 135, 59 L. Ed. 308, a writ of error was allowed from the state court to the Supreme Court, but it did not involve a right of an Indian to sue in the federal court. An Indian litigant has no greater right to sue in the federal court than any other litigant.

■■ The jurisdiction of the court must depend upon the allegations of the bill. This suit is for an ejectment, which involves the question of whether the appellant was the owner of the fee and entitled to possession; whether it was taken forcibly from him, and possession now wrongfully kept by another, and the appellant thus kept out of possession, and the element of damages arising thereby. If these allegations be proved, a good cause of action is stated. Taylor v. Anderson, 234 U. S. 75, 34 S. Ct. 724, 58 L. Ed. 1218. If a federal question is properly raised and presented for decision, or authority to bring the action was expressly given by an act of Congress, then the District

Court would have jurisdiction to maintain the suit of this appellant.

The appellant argues that he may sue in the District Court, for his suit arises under the Constitution or laws of the United States or treaties made under their authority. It requires, however, more than a mere allegation of a complaint to establish such jurisdiction. Norton v. Whiteside, 239 U. S. 144, 36 S. Ct. 97, 60 L. Ed. 186. The question is one of original jurisdiction of the District Court, and decisions of the Supreme Court passing upon the power of that court to review the decisions of the lower federal court are not in point, for the power to review or the mode of review is dependent upon the basis of the lower court's jurisdiction. Likewise, cases in the Supreme Court, appealed from the state's highest court, are not in point, for there the test of the Supreme Court's jurisdiction is whether, in the decision of the state court, there was drawn into question the construction of a treaty or statute of the United States. All allegations which attempt to anticipate the defense must be regarded as surplusage, in determining the existence of any original federal jurisdiction.

"It has become firmly settled that whether a case is one arising under the Constitution or a law or treaty of the United States, in the sense of the jurisdictional statute [now section 24, Judicial Code; 28 USCA § 41], must be determined from what necessarily appears in the plaintiff's statement of his own claim in the bill or declaration, unaided by anything alleged in anticipation of avoidance of defenses which it is thought the defendant may interpose." Taylor v. Anderson, 234 U. S. 74, 34 S. Ct. 724, 58 L. Ed. 1218.

■ But it is asserted by appellant that his right is founded upon the treaties of 1784 and 1796, which gave him a present right of possession. This claim denotes that the source of appellant's title is in the treaties of the United States, and such an allegation does not establish the claim that the suit arises under the laws of the United States, so as to confer original jurisdiction. In Blackburn v. Portland, 175 U. S. 571, 20 S. Ct. 222, 44 L. Ed. 276, it was held, where a controversy arose in respect to lands, and where one of the parties derived title upon an Act of Congress, that of itself did not present a federal question. In Florida Cent. R. R. v. Bell, 176 U. S. 321, 20 S. Ct. 399, 44 L. Ed. 486, which was an action for ejectment, the plaintiff's claim was under the patent granted by the United States and in proceedings in the Land Department; the defendants contended that the plaintiffs were not entitled to a

patent under the laws of the United States, and the defendant claimed the right under an act of Congress to erect its railroad upon the patented land. Jurisdiction was denied by the court in holding that mere assertion of title to land derived to the plaintiffs under and by virtue of a patent granted by the United States presented no question which of itself conferred jurisdiction under the Circuit Court of the United States. See, also, Shoshone Mining Co. v. Rutter, 177 U. S. 505, 20 S. Ct. 726, 44 L. Ed. 864; Shulthis v. McDougal, 225 U. S. 561, 32 S. Ct. 704, 56 L. Ed. 1205; Barnett v. Kunkel, 264 U. S. 16, 44 S. Ct. 254, 68 L. Ed. 539.

The claim that the St. Regis Tribe was guaranteed or recognized by the United States in treaties does not present a basis for original jurisdiction in the District Court. Muse v. Arlington Hotel Co., 168 U. S. 430, 18 S. Ct. 109, 42 L. Ed. 531; Filhiol v. Maurice, 185 U. S. 108, 22 S. Ct. 560, 46 L. Ed. 827; Filhiol v. Torney, 194 U. S. 356, 24 S. Ct. 698, 48 L. Ed. 1014. A guaranty of the right of possession by a treaty of the United States does not render an action in ejectment to recover possession of the property a case arising under a treaty of the United States, in so far as the jurisdictional statute is concerned. Crystal Springs Land & Water Co. v. Los Angeles (C. C.) 82 F. 114, affirmed 177 U. S. 169, 20 S. Ct. 573, 44 L. Ed. 720; Phillips v. Mound City Asso., 124 U. S. 605, 8 S. Ct. 657, 31 L. Ed. 588. The treaties of 1784 and 1796 do not constitute a grant in præsenti to the plaintiff. Whatever right he had was a derivative right, and to succeed he must establish that he is entitled to the same right as his ancestors. He does not contend for any particular construction of the treaties of 1784 and 1796, nor allege that the appellees controvert any such construction. His plea (paragraph 4) does not plead any particular construction of the treaty, and the allegation in paragraph 5 with respect to the 1796 treaty is the same. No allegation in the bill requires a construction of treaties for a decision in this ejectment suit. Cohens v. Virginia, 6 Wheat. 264, 5 L. Ed. 257. He will not be defeated by a wrong construction and sustained by an opposite construction, which is the test announced in Osborn v. Bank of the U. S., 9 Wheat. 738, 822, 6 L. Ed. 204. Nothing in the complaint justifies the argument advanced by the appellant in his brief that treaty rights are denied.

The statutes referred to in the bill and asserted to be in issue are those fixing the right of occupancy of tribal Indians in the reservations to which they have been assigned by the federal government. 25 USCA § 177. It is claimed that under these statutes the appellees could not lawfully be in possession, but the complaint fails to allege any particular construction of these acts, or to assert that the appellees denied whatever construction the appellant asserts, and nothing indicates that the statute must be so construed, which, by virtue of any construction, would result in a judgment for the appellant or for the appellee.

Appellant relies upon Butte & Superior Co. v. Clark Montana Co., 249 U. S. 12, 39 S. Ct. 231, 63 L. Ed. 447. In that case the appellee realty company commenced an equitable action in the United States District Court for the District of Montana to quiet title, alleging federal jurisdiction by diversity of citizenship and the construction and application of enumerated sections of the Revised Statutes having to do with mining rights upon public lands there involved. On appeal to the Supreme Court, the question was whether it had the power to pass upon the merits of the controversy. The appellee attempted to disavow its original allegation that the construction and application of the federal statutes were involved, and insisted that jurisdiction was predicated solely upon diversity of citizenship. The court held that at that late day it could not do so, and concluded that it had jurisdiction to review the controversy. In Larkin v. Paugh, 276 U. S. 431, 48 S. Ct. 366, 72 L. Ed. 640, also referred to by the appellant, the appellee came on certiorari from the state Supreme Court, but did not involve the original jurisdiction of the District Court, and it was held that the state court had jurisdiction of the question there involved, which was the validity of a contract to sell land, made by an Indian in anticipation of his patent, and stated that the heirs of such an Indian had no federal right to have the jurisdiction of the state court re-examined and vacated upon a collateral attack.

In this action for ejectment, if the appellant is right in his claim to possession, he must establish it without the construction of the law or treaty of the United States and the defenses which the appellees may interpose, if by chance they controvert the construction of treaties or laws under which the appellant claims or asserts rights. They cannot confer original jurisdiction upon the District Court. Taylor v. Anderson, supra. Because there is no jurisdiction in the District Court, the court below properly dismissed this suit.

Decree affirmed.