## SNYDER v. FANCHER et al.
### No. 736–A.

District Court, W. D. New York.
April 26, 1932.

Joseph H. Gintzler, of Buffalo, N. Y., for plaintiff.

Orla E. Black, of Salamanca, N. Y., for defendants Fancher and Mills, executors, and Musette B. Fancher, individually.

Killeen & Sweeney, of Buffalo, N. Y., for defendant Mills, individually.

KNIGHT, District Judge.

Defendants move to dismiss the complaint on the ground that this court has no jurisdiction. The ground of jurisdiction must be shown in the complaint. Butte & Superior Copper Co. v. Clark-Montana Realty Co., 249 U. S. 12, 39 S. Ct. 231, 63 L. Ed. 447. The District Court has only such jurisdiction as is given by statute. Cunard Steamship Company v. Smith (C. C. A.) 255 F. 846, 848; section 24 Jud. Code (28 USCA § 41). The complaint contains no allegation of diversity of citizenship or that the case arises under the Constitution or laws of the United States or treaties. It appears that the complaint is in contract between citizens. The plaintiff is alleged to be a full-blooded Indian. Such fact does not give jurisdiction to this court. Deere v. St. Lawrence River Power Company (C. C. A.) 32 F.(2d) 550, and cases cited. Presumably plaintiff is a citizen. Act Cong. June 2, 1924 (8 USCA § 3). Whether he was, makes no difference here. He has no right other than any citizen to litigate contractual obligations in this court. U. S. v. Seneca Nation of New York Indians (D. C.) 274 F. 946.

This action could be maintained only in the event of diversity of citizenship, and such is not shown in the pleading.

Motion granted.