**BUTTON v. SNYDER et al.**

No. 1780.

District Court, W. D. New York.
June 22, 1934.

598

Robert M. Codd, Jr., of Buffalo, N. Y., for plaintiff.

John J. Bennett, Jr., Atty. Gen. (by James P. Cotter, of Buffalo, N. Y., and Henry E. Warner, of Albany, N. Y.) for defendants.

KNIGHT, District Judge.

This action is brought to recover damages on account of the appropriation by the state of New York of certain lands owned by the plaintiff and to enjoin the defendants from exercising any rights of ownership, occupation, or authority over such land. The plaintiff is of Indian blood or descent and a member of the Seneca Nation of Indians. He was the owner and resident of an allotment of land located upon the Cattaraugus Reservation of the Seneca Nation of Indians of New York State under and by virtue of the Treaty of Kon-on-daigua of 1794 (7 Stat. 44) and the laws declaratory thereof. The action is alleged to have been brought under and by virtue of section 41, subsection 24, title 28, of the United States Code (28 USCA § 41 (24).

Chapter 493 of the Laws of 1932 of the State of New York purports to reappropriate moneys for the acquisition by the state, by purchase or condemnation, of additional land for the Thomas Indian School in the department of social welfare of the state of New York. Lands owned by the state and occupied by the Thomas Indian School adjoin the lands in question. The lands of plaintiff in question consist of 7.014 acres more or less. The state of New York by virtue of the above-mentioned statute proceeded to condemn such lands of plaintiff, and, as it is alleged in the complaint, the defendants have occupied such land and caused them to be attached to the property of the Thomas Indian School. The defendant John Snyder is a member of the board of the Thomas Indian School. The defendant John C. Brennan is superintendent of such institution. The legislative enactment hereinbefore referred to provides that, upon condemnation, the property shall become and be the property of John Snyder of the Cattaraugus Reservation, a member of the Seneca Nation of Indians, as a member of the board of managers of the Thomas Indian School at Iroquois, on the Cattaraugus Reservation, in the county of Erie, and his successors in office, who are members of the said Seneca Nation of Indians, as agent of the department of social welfare and in the name of and for the people of the state of New York.

■ For the purposes of the motion, the facts set forth in the complaint must be deemed to be true.

This motion is made to dismiss the complaint upon the ground that this court has no jurisdiction to try the issues sought to be raised herein, and further on the ground that the complaint does not state a cause of action. Since I conclude that this court has not jurisdiction, it is unnecessary to consider the second ground urged.

■ The original jurisdiction of this court is limited by section 41, subd. 24, title 28 USCA. The plaintiff alleges in the complaint that the action is brought under section 41, subd. 24, of United States Judicial Code (meaning, doubtless, section 41, subsec. 24 of title 28 of the United States Code). It is provided by subdivision 24 that the District Court shall have original jurisdiction "of all actions, suits, or proceedings involving the right of any person, in whole or in part of Indian blood or descent, to any allotment of land under any law or treaty." This action does not involve any "allotment" of land, as this term is used in section 24. Rice v. Maybee (D. C.) 2 F. Supp. 669; Snyder v. Fancher et al. (D. C.) 7 F. Supp. 597; U. S. v. Seneca Nation of New York Indians (D. C.) 274 F. 946; Deere v. St. Lawrence River Power Co. (C. C. A.) 32 F.(2d) 550. This contention is supported by title 25 USCA, c. 9, § 331 et seq. which provide for the method of giving allotments to the Indians. Section 345 provides that Indians claiming the right to an allotment may bring an action therefor in the proper District Court. Section 41, subd. 24, title 28 USCA, has reference to a particular action to procure an allotment. While it is true that certain of these sections do not extend to reservations of the Seneca Nation of New York Indians, that fact is immaterial in construing the meaning of section 41, subd. 24, title 28.

There is no allegation of diversity of citizenship to give the court jurisdiction under section 41, subd. 1, title 28 USCA.

The complaint must be dismissed for lack of jurisdiction.