## KENNEDY v. PUBLIC WORKS ADMINISTRATION et al.

### No. 2212.

District Court, W. D. New York.
April 15, 1938.

Harold B. Ehrlich, of Buffalo, N. Y., for plaintiff.

John J. Bennett, Jr., Atty. Gen., of New York (James P. Cotter, of Buffalo, N. Y., of counsel), for defendants John Brennen and John Snyder.

George L. Grobe, U. S. Atty., of Buffalo, N. Y. (Joseph J. Doran, Asst. U. S. Atty., of Rochester, N. Y., of counsel), for defendants P.W.A., W.P.A., and Lester W. Herzog, as Adm'r.

KNIGHT, District Judge.

The plaintiff, Sadie Kennedy, is a full-blooded Tribal Indian of the Seneca Nation, and resides on the Cattaraugus Indian Reservation in this District. This suit is brought to enjoin and restrain defendants from interfering with or entering upon certain lands alleged to be owned by the plain-

tiff, situate in such reservation, and also to set aside an alleged agreement entered into between Fidelia Kennedy and "the defendant John Brennen and others, individually and as agents for the Public Works Administration, Works Progress Administration, and the Thomas Indian School."

The plaintiff now moves for a temporary injunction restraining the defendants from interfering with such lands, pending the trial of the suit.

Prior to the commencement of this suit, the Works Progress Administration, a subsidiary agency of the Public Works Administration of the United States government, approved a project by the Department of Social Welfare of the State of New York (acting through the Thomas Indian School, located on said Reservation, known as Work Project Administration, Project No. 47,-806), for the straightening out of a portion of Clear Creek in said reservation and which portion extended across various property owned by various individuals, including the aforesaid Fidelia Kennedy. Prior to the initiation of any work upon such project, Fidelia Kennedy executed a writing by the terms of which she authorized the straightening of the channel of said creek through her lands by the Works Project Administration. The Complaint alleges that Fidelia Kennedy was induced to execute such writing through fraudulent representations made to her by certain of the defendants as to the location of the proposed new channel through her lands. It is the claim of the plaintiff that it was represented that only one and one-half acres of her land would be cut off from the remainder of her lands by the new channel, whereas the channel as now designed will cut off about ten acres from her other lands. She alleges that defendants have trespassed upon her land and have threatened further trespasses, and alleges damages to the plaintiff.

Fidelia Kennedy died on February 9, 1937. Plaintiff alleges that she is her daughter and the sole surviving heir at law, and "that under Indian Law, customs and usages plaintiff became vested with title and acquired right to the possession of all of the real property, title, all to which had been vested in her deceased mother." Such briefly is a statement of the alleged facts upon which this suit is based.

The Attorney General of the State of New York appearing specially for defendants, John Brennen and John Snyder, and the United States Attorney for the Western District of New York, appearing specially for defendants, Public Works Administration, Works Project Administration, and Lester W. Herzog, as New York State Administrator of the Works Project Administration, oppose the granting of a temporary injunction and move to set aside the order to show cause and the Complaint herein upon the ground that this court has no jurisdiction of the parties or of the cause of action alleged; that the Complaint does not state a cause of action; and that complainant has an adequate remedy at law.

The first question to be considered is the question of jurisdiction. The Complaint in paragraph III asserts jurisdiction in this court based on these specific reasons: "the action is directed against an agency duly created by and under an Act of Congress and functioning pursuant to and under the orders and regulations of the Executive Department of the United States Government; the plaintff herein is a full blooded Tribal Indian belonging to the Seneca Nation and residing on the Cattaraugus Reservation in the western district of New York State; the issues herein involve a claim of a full blooded Indian who has been unlawfully excluded and will continue to be unlawfully excluded from an allotment of a parcel of land to which she is lawfully entitled by virtue of an Act of Congress; and one of the issues herein involves the validity of an alleged contract made with a Tribal Indian in a manner otherwise than provided by the Laws of the United States."

The application of the word "agency" plainly is to each of the defendants. The title designates them as such; the Complaint refers to each acting as such. The Complaint clearly shows the intent to plead acts done and threatened by officers acting as agents under authority of law. Despite the foregoing statement as to the right of jurisdiction set out in the Complaint, it was plaintiff's contention upon the argument herein that the action was not brought against a government agency but against individuals who performed illegal and unauthorized acts.

The United States is subject to suit only where consent is given by statute. This suit being against an agency of the government, the same question of jurisdiction is applicable to it as to its principal. That an action will not lie against such agencies has been decided by the courts in numerous cases. Among such decisions are: In re Ayers, 123 U.S. 443, 8 S.Ct. 164, 31

L.Ed. 216; In re Debs, 158 U.S. 564, 15 S.Ct. 900, 39 L.Ed. 1092; Wells v. Roper, 246 U.S. 335, 38 S.Ct. 317, 62 L.Ed. 755; U. S. ex rel. Shoshone Irr. Dist. v. Ickes, 63 App. D.C. 167, 70 F.2d 771; Transcontinental & Western Air, Inc., v. Farley, 2 Cir., 71 F.2d 288.

█ If it is assumed that this question is brought to prevent illegal acts of the officers of the United States, there are several reasons why this court has not jurisdiction. Officers committing illegal acts without the authority of law may be sued, but other grounds of jurisdiction must be shown, to wit, diversity of citizenship and that the amount involved is $3000 and upwards. Section 41, Title 28, Judicial Code and U.S.C.A. There are no allegations showing jurisdiction in these respects. Numerous cases are cited by the plaintiff to show the right to sue officers on account of illegal acts, but the distinction is clearly made in these authorities that such officers had no authority in law to do such acts. Here no question is raised as regards the right of the government to carry out the project in question. It was said in Philadelphia Co. v. Stimson, 223 U.S. 605, 32 S.Ct. 340, 56 L.Ed. 570, cited by the plaintiff, that (page 344): "The exemption of the United States from suit does not protect its officers from personal liability to persons whose rights of property they have wrongfully invaded. * * * The complainant did not ask the court to interfere with the official discretion of the Secretary of War, but challenged his authority to do the things of which complaint was made. The suit rests upon the charge of abuse of power, and its merits must be determined accordingly; it is not a suit against the United States." This decision stands as an authority distinguishing the right to suit against the United States for acts of its officers acting under authority of law and those acting without authority of law. Goltra v. Weeks, 271 U.S. 536, 46 S.Ct. 613, 70 L.Ed. 1074; Work v. Louisiana, 269 U.S. 250, 46 S.Ct. 92, 70 L. Ed. 259; Franklin Township v. Tugwell, 66 App.D.C. 42, 85 F.2d 208; Ickes v. Fox, 300 U.S. 82, 57 S.Ct. 412, 81 L.Ed. 525, cited by plaintiff are all distinguishable for the reasons hereinbefore stated.

█ No statute is pointed out authorizing suit such as instituted here, and statutory limitation to the jurisdiction of this court therefore precludes its taking jurisdiction.

█ The contention, however, is made that such authority is found in statutes authorizing suits by persons of Indian blood or descent. This claim is based upon the provisions of Section 41, subdivision (24), Title 28 U.S.C.A., and Section 345, Title 25 U.S. C.A. Section 41(24), supra, has no application here. This court passed upon this specific question in Button v. Snyder, D.C., 7 F.Supp. 597. See also Snyder v. Fancher, D.C., 7 F.Supp. 597; Deere v. St. Lawrence River Power Co., 2 Cir., 32 F.2d 550; United States v. Seneca Nation of New York Indians, D.C., 274 F. 946. This subsection does give the United States courts original jurisdiction where a question involves the right of one of Indian blood or descent to an allotment of land. No Act of allotment, however, is involved here. Indeed, the plaintiff alleges that she is the sole owner of the lands in question.

The claim is made that this court has jurisdiction by virtue of the provisions of Section 345, supra. This section provides that Indians claiming the right to allotment may bring an action therefor in the proper district court. This section confers only the same right given by Section 41, subdivision (24), supra. The United States statutes, 25 U.S.C.A. Chapter 9, Section 331 et seq., relating to Indians, provide for the method of giving allotments to the Indians. None of these sections, except as hereinbefore stated, purport to give the right of suit to the Indian.

█ Further, the claim of jurisdiction is based upon the contention that an issue herein involves the validity of an alleged contract made with a Tribal Indian contrary to law. What has been said as regards other allegations in the Complaint is equally applicable to this alleged cause of action. The fact that it asserts a cause of action for the rescission of a contract does not distinguish it. Indeed, the question of the procuring of the contract by fraud is the very basis of the other alleged causes of action set forth in the Complaint. It is plaintiff's claim that the alleged contract was made in a manner other than provided by law, that is, it was not executed pursuant to the requirements of Section 81, Title 25, of the Indian Law. Such section defines the requirements for making an agreement by any person with any individual Indian not a citizen of the United States. There is nothing in this or any of the sections relating to contract with Indians which gives this court jurisdiction otherwise than as provided by Section 41, Title 28, supra. As heretofore

pointed out, there is no claim that the amount involved exceeds $3000.

Further, it is to be noted that Section 81, supra, does not contemplate any contract with the United States. It applies only to a contract between a person and an Indian. The provision, that a recovery for violation of the provisions of this section shall be by suit in the name of the United States, defeats any contention that the Indian is authorized to sue the United States, either under Section 81, Title 25, or Section 41, Title 28.

It follows from the reasoning hereinbefore expressed that this court has not jurisdiction either over the parties to the suit or the subject matter of the suit.

It also appears from the foregoing that the plaintiff has an adequate and complete remedy at law and that the Bill of Complaint does not set forth a valid cause of action in equity. Since it is not asserted that the value of the property of the plaintiff is upwards of $3000, it may be assumed that it is not. For any illegal acts of any of the defendants individually plaintiff's remedy, if any, lies in the courts other than this.

There is still a further consideration here. As appears from the affidavits submitted on behalf of the defendants, and which are not denied, the project in question, when completed, will benefit a considerable part of the Cattaraugus Reservations through flood prevention. The project was advanced on behalf of the Indians, both to the view of this benefit and also to the giving of employment to a large number of Indians, unemployed and unemployable on other Public Works Projects. The work has already been much advanced. There has already been expended on labor about $90,000; $60,000, approximately, remains to be expended. It does not appear that any other member of the Seneca Indians has opposed this project. The delay in the work on plaintiff's land will delay the work in other parts of the project and final completion. Further, at a special session of the Council of the Seneca Indians held on August 15, 1936, a resolution endorsing the project was unanimously adopted. It appears from the aforesaid affidavits that the value of the ten acres of land hereinbefore mentioned is not to exceed $150. There are other matters to be taken into consideration in connection with the equities presented here. Injunctive relief pendente lite should only be given upon facts such as

shown here where it is clear that the court has jurisdiction and that the plaintiff has no remedy at law. The plaintiff is remediless here. Her remedy, if any, must be found at law.

The motion to set aside the order to show cause herein and to dismiss the Complaint must be granted.