## OKIN v. SECURITIES AND EXCHANGE COMMISSION.

District Court, S. D. New York.

June 25, 1942.

Order Affirmed Oct. 24, 1942.

See 130 F.2d 903.

Samuel Okin, of New York City, for plaintiff.

Chester T. Lane, Gen. Counsel for Securities and Exchange Commission, John F. Davis, and Homer Kripke, all of Philadelphia, Pa., and John H. Kelly and Irving J. Galpeer, both of New York City, (Seymour Kleinman, of Philadelphia, Pa., of counsel), for Securities and Exchange Commission.

MANDELBAUM, District Judge.

The complaint seeks to enjoin the defendant, Securities and Exchange Commission from enforcing Rule U-42 promulgated pursuant to Sections 12(c) and 20(a) of the Public Utility Holding Company Act of 1935, 15 U.S.C.A. § 79 et seq., hereinafter called Holding Company Act of 1935.

The plaintiff moves for a preliminary injunction enjoining the defendant from enforcing Rule U-42 pending the trial of the action. In brief, plaintiff predicates his claim to relief on the following: He is the owner and holder of record of 9,000

shares of the common stock of Electric Bond & Share Company. This company, on December 30th, 1941, filed a declaration with the defendant under Section 12(c) of the Holding Company Act of 1935 and Rule U-42 promulgated by the defendant pursuant to Section 12(c) stating that it had about 24 million dollars in cash on hand which was not necessary for the business of the company, and further, declared its intention of using 5 million dollars of this cash on hand in the purchase of its preferred stock on the New York Curb Exchange.

On or about February 20th, 1942, the defendant made an order (upon findings and opinion of the commission) permitting the declaration above mentioned to become effective only to the extent of 2 million dollars and reserved jurisdiction with respect to the remaining 3 million dollars.

The plaintiff is aggrieved by this order, claiming that his legal and property rights are being invaded and threatened by the defendant's enforcement of the order, pursuant to Rule U-42 and that the refusal to permit the Electric Bond & Share Company to purchase its own stock with its own money is causing irreparable damages to the plaintiff. He further urges that the injunction should issue because the defendant, Securities and Exchange Commission, had no authority to adopt Rule U-42; that the adoption of the rule is not authorized by the Holding Company Act of 1935; that the adoption of the rule was beyond the power of the defendant.

The defendant is an administrative agency of the United States established by Section 4(a) of the Securities Exchange Act of 1934, 15 U.S.C.A. § 78d(a). By cross-motion, defendant has challenged the jurisdiction of the court urging that as an administrative agency of the United States, it is protected as such by the sovereign immunity of the federal government. The court at the outset is therefore called upon to determine whether jurisdiction exists to entertain the suit before considering any other question.

We must accordingly look to the Holding Company Act of 1935, to determine whether the United States has consented to be sued. Section 24(a) of the Act permits any person aggrieved by an order issued by the commission under this title to obtain a "review of such order in the circuit court of appeals of the United States within any circuit wherein such person resides or has his principal place of business, or in the United States Court of Appeals for the District of Columbia, by filing in such court, within sixty days * * *, a written petition * * *".

■■ From this, it appears that only the Circuit Courts of Appeal have exclusive jurisdiction to review orders issued by the commission and not the district courts. The right to sue the government and the forum for commencing such right is embodied within the provisions of Section 24 (a) and the courts may not go beyond the letter of such consent. Schillinger v. United States, 155 U.S. 163, 166, 15 S.Ct. 85, 39 L.Ed. 108.

In Securities and Exchange Commission v. Andrews, 2 Cir., 88 F.2d 441, the Securities and Exchange Commission moved in the district court for certain relief against one Andrews, who in turn filed a cross-bill in equity against the commission. The district court dismissed the cross-bill on the ground of lack of jurisdiction. The Circuit Court of Appeals of this Circuit, in affirming the action of the court below, stated:

" * * * It is perfectly clear that a suit against the Commission, an administrative agency of the United States, can be maintained only in the courts and upon the terms specified in the statute. Illinois Cent. R. R. Co. v. Public Utilities Comm., 245 U.S. 493, 504, 38 S.Ct. 170, 62 L.Ed. 425. Section 25(a) of the act (15 U.S.C.A. § 78y(a)) provides how and where a person aggrieved by an order of the Commission may obtain judicial review of such order". To the same effect: See Kennedy v. Public Works Administration, D.C., 23 F.Supp. 771, 773.

It is noteworthy that the language of Section 24(a) of the Holding Company Act of 1935 with which we are presently concerned, is identical with the language of Section 25(a) of the Securities Exchange Act of 1934, 15 U.S.C.A. § 78y(a), involving the Andrews case.

Plaintiff, in support of jurisdiction, contends that the claim of sovereign immunity will not defeat an equitable action, where the acts of governmental officers unlawfully invaded vested rights. Some of the cases cited by him have dealt with such question. Ickes v. Fox, 300 U.S. 82, 57 S.Ct. 412, 81 L.Ed. 525; Philadelphia Co. v. Stimson, 223 U.S. 605, 32 S.Ct. 340, 56 L.Ed. 570; Township of Franklin v. Tugwell, 66 App.D.C. 42, 85 F.2d 208.

I fail to discern any similarity to the cases cited by the plaintiff and the one at bar. In the first place, they were suits against individuals and not against an agency of the government itself. Secondly, Section 24(a) provides a remedy to those who question the action of the commission. This meets the constitutional requirements of due process of law. To sustain the plaintiff's argument would in effect result in a contravention of the intent of Congress in enacting Section 24(a) of the Holding Company Act of 1935. Evidently, plaintiff is seeking a review of an order of the defendant through the medium of an injunction. This he cannot do. Myers v. Bethlehem Corp., 303 U.S. 41, 58 S.Ct. 459, 82 L.Ed. 638.

One other point requires brief mention. Plaintiff urges that Section 25 of the Holding Company Act of 1935 confers upon this court jurisdiction to entertain this suit. An examination of the language persuades me otherwise. This section deals with the jurisdiction of the district court over offenses committed by persons or suits against such persons for violations of the Holding Company Act of 1935. Nothing in the language indicates that it includes the Securities and Exchange Commission as a possible violator of the Act, nor has any case been cited which in any way supports such theory.

In accordance with the foregoing, I am constrained to deny the plaintiff's motion for a temporary injunction, and the defendant's cross-motion for a dismissal of the action for lack of jurisdiction is granted. In view of this ruling, a consideration of the other points raised in defendant's cross-motion is unnecessary.

Settle order on notice.