Requestor: Hon. Matthew T. Crosson, Chief Administrator of the Courts Unified Court System 270 Broadway New York, New York 10007
Written by: Robert Abrams, Attorney General
This is in response to your recent inquiry as to whether a Native American citizen of the State of New York, who does not reside on an Indian reservation, may be required to qualify as a juror and to perform jury service in courts of the Unified Court System in accordance with Article 16 of the Judiciary Law.
Pursuant to Judiciary Law § 500,
 "[i]t is the policy of this state that all litigants in the courts of this state entitled to trial by jury shall have the right to grand and petit juries selected at random from a fair cross-section of the community in the county or other governmental subdivision wherein the court convenes; and that all eligible citizens shall have the opportunity to serve on grand and petit juries in the courts of this state, and shall have an obligation to serve
when summoned for that purpose, unless exempted, disqualified or excused". Emphasis added.
Judiciary Law § 510, dealing with juror qualifications, provides that in order to qualify as a juror, a person need only:
 "1. Be a citizen of the United States, and a resident of the county.
2. Be not less than eighteen years of age.
 3. Not have a mental or physical condition, or combination thereof, which causes the person to be incapable of performing in a reasonable manner the duties of a juror.
4. Not have been convicted of a felony.
 5. Be intelligent, of good character, able to read and write the English language with a degree of proficiency sufficient to fill out satisfactorily the juror qualification questionnaire, and be able to speak the English language in an understandable manner".
Pursuant to 8 U.S.C. § 1401(b), Native Americans are both Nationals and citizens of the United States at birth. As United States citizens, Native Americans are also citizens of the states in which they reside. US Const, Amend XIV, § 1; see, Goodluck v Apache County, 417 F. Supp. 13,15 (D Ariz. 1975), affd, 429 U.S. 876 (1976); see also, Deere v NewYork, 22 F.2d 851 (NDNY 1927), affd, Deere v St. Lawrence River PowerCo., 32 F.2d 550 (2d Cir 1929).
In Mescalero Apache Tribe v Jones, 411 U.S. 145 (1973), the United States Supreme Court observed that "[a]bsent express federal law to the contrary, Indians going beyond reservation boundaries have generally been held subject to nondiscriminatory state law otherwise applicable to all citizens of the State". 411 US at 148-149. There exists no Federal law expressly exempting Native Americans from serving on juries in the states in which they reside. Cf. 28 U.S.C. § 1861 et seq.
Section 511 of the Judiciary Law does not list membership in an Indian tribe or nation as a ground for disqualification from service as a juror, nor is membership in an Indian tribe or nation listed as a ground for exemption therefrom by Judiciary Law § 512. Thus, a Native American, not living on an Indian reservation, who is a resident of the county, meets the citizenship and residency requirements of Judiciary Law § 510 and may, if he or she is otherwise qualified, be required and have the opportunity to qualify as a juror and to serve as a juror in the courts of the Unified Court System.