**DETWEILER BROS., Inc., v. WALLING, Adm'r, Wage and Hour Div., United States Department of Labor.**

**No. 10988.**

Circuit Court of Appeals, Ninth Circuit.

Nov. 1, 1946.

R. P. Parry, J. R. Keenan, Graydon W. Smith and J. H. Daly, all of Twin Falls, Idaho, for appellant.

William S. Tyson, Solicitor, Morton Liftin, Asst. Sol., Wage & Hour Div. U. S.

Dept. of Labor, of Washington, D. C., Dorothy Williams, Regional Atty., of San Francisco, Cal., George M. Szabad and Frederick U. Reel, both of Washington, D. C., for appellee.

Before DENMAN, BONE, and ORR, Circuit Judges.

BONE, Circuit Judge.

This is an appeal from an order [1] of the District Court compelling appellant to obey a subpoena duces tecum issued to it by appellee, Administrator of the Wage and Hour Division of the United States Department of Labor, pursuant to sections 9 and 11(a) of the Fair Labor Standards Act, 29 U.S.C.A. §§ 209, 211(a), and section 9 of the Federal Trade Commission Act, incorporated by reference into the Fair Labor Standards Act, 15 U.S.C.A. § 49. The subpoena required appellant to appear and produce at a certain place certain documents and records of appellant's business material to an investigation of a possible violation of the Fair Labor Standards Act. Action of this court upon the appeal from the order was postponed because a similar case, Oklahoma Press Publishing Co. v. Walling (since reported 327 U.S. 186, 66 S.Ct. 494) was pending before the United States Supreme Court. The decision in that case is conclusive of certain issues raised on this appeal.

Appellant's original contentions were that the Administrator had to prove or at least show reasonable cause to believe that the employer was "covered" by the Act, before he would be entitled to judicial enforcement of the subpoena. Appellant has now abandoned its original contentions and raises certain other issues in a supplemental brief. The propriety of raising these new matters in the supplemental brief was questioned by appellee, but we prefer to dispose of the matter on the merits.

In its supplemental brief appellant makes three related contentions: (a) that the Administrator has not made definite the scope of his inquiry; (b) that the scope of the present inquiry must be limited to "coverage" under the Act; (c) that the records here demanded are not relevant to such a limited inquiry.

The first contention that the subpoena was indefinite is without merit. The matter appealed from is the *order* of the District Court and it is not indefinite or uncertain. Hagen v Porter, 9 Cir., 156 F.2d 362, 365, cert. den. October 14, 1946, 67 S. Ct. 85.

As to the second contention: The scope of the inquiry need not be limited merely to "coverage". It is clear that the Administrator has power to dispose, in a single inquiry, of the questions of whether the employer is within the scope of the Act, and whether violations thereof have been committed. Endicott Johnson Corp. v. Perkins, 317 U.S. 501, 63 S.Ct. 339, 87 L.Ed.

[1] Omitting formalities, the Order was as follows:

" * * * Ordered that respondent, Detweiler Bros., Inc., do appear before petitioner, or Howard E. Hilbun, Elbert Shaw, and Karl M. Rodman, officers duly designated by petitioner, at 10 AM o'clock on January 22, 1945, at the jury room, Twin Falls County Courthouse, Twin Falls, Idaho, and there produce the following books, records, papers and documents, and give evidence relating thereto, as is required by the aforesaid subpoena duces tecum of the Administrator of the Wage and Hour Division, to wit:

"(1) Any and all books and records which record the wages paid to your employees during the period from October 24, 1940, to date.

"(2) Any and all books, documents, time cards, time sheets, papers or memoranda made or kept by you which record the hours worked each workday and work-week by your said employees during the period from October 24, 1940, to date.

"(3) Any and all books, records, documents, receiving slips, invoices or memoranda of purchase and shipments received by you from points outside the state of Idaho during the period from October 24, 1940, to date.

"(4) Any and all invoices, shipping receipts, copies of bills of lading or other documents, records or memoranda pertaining to goods sold, shipped, delivered, transported or offered for transportation from your establishment in Twin Falls, Idaho, during the period from October 24, 1940, to date.

"Jurisdiction of this matter is retained for the purpose of giving full effect to this order and of making such other and further orders or taking such other action, if any, as may become necessary or appropriate to carry out and enforce this order."

424; Oklahoma Press Pub. Co. v. Walling, supra; Mississippi Road Supply Co. v. Walling, 5 Cir., 136 F.2d 391, cert. den. 320 U.S. 752, 64 S.Ct. 57, 88 L.Ed. 447.

As to the third contention we need point out that the only limitation upon the scope of the Administrator's inquiry is that the records demanded be reasonably relevant to the matter in issue. All the materials, whose production is required by the order of the District Court, appear to be relevant to the inquiry of whether or not the Fair Labor Standards Act has been violated.

The record indicates the following proceedings. Through its counsel, appellant refused to obey the subpoena, whereupon appellee applied to the District Court for an order requiring appellant to appear and testify and to produce the documents and records demanded in the subpoena, or to show cause why the court should not make such an order. The application set forth a copy of the subpoena which had been served on appellant, and the prayer of the application was for an order requiring appellant to produce the said documentary evidence and to give testimony *"as required by a subpoena duces tecum issued to it, as set forth herein"*. Certain affidavits were also attached to the application for the order.

Thereafter appellant filed an answer and affidavits generally denying all of the material allegations in the application for the order. While appellant's answer assails what is asserted to be a failure of the *application* to state facts sufficient to constitute a cause of action or to give the court jurisdiction, it particularly denied that the Administrator had the power to issue and cause to be served upon appellant a subpoena requiring the attendance and testimony of witnesses and the production of all documentary evidence relating to any matter under investigation.

On the issues raised by this record, the court made and entered an order enforcing the subpoena,[2] and this appeal is from this order of enforcement.

It is obvious that the prayer of the application for an order enforcing compliance with the subpoena raised the one real and material legal issue which was decisive of the problem presented to the court. Would an order enforcing compliance with the stated requirements of the subpoena be a lawful order? We are of the view that it was a lawful order and so hold.

But appellant complains that allegations in the *application,* particularly references therein to certain specified sections and sub-sections of the Act in question, constitute in themselves a challenge to the scope of the *order* of the court. But this argu-

---

2 Omitting formalities, the subpoena duces tecum was as follows:

" * * * At the instance of the Administrator, Wage and Hour Division, Department of Labor, you are hereby required to appear before Howard E. Hilbun or Clifford C. Wills, Inspectors, or Karl M. Rodman, Attorney, or any of them, of the Wage and Hour Division, Department of Labor, at Rogerson Hotel, 157 Main Avenue East in the City of Twin Falls, Idaho, on the 18th day of August, 1944, at 10:00 o'clock a.m. of that day, to testify In the Matter of Detweiler Bros., Inc., a Corporation involving an investigation pursuant to the provisions of Sections 9 and 11(a) of the Fair Labor Standards Act of 1938, of complaints of violations by the said Corporation of Sections 7(a), 11(c), 15(a) (1), 15(a) (2) and 15(a) (5) of the said Act.

"And you are hereby required to bring with you and produce at said time and place the following books, papers, and documents:

"(1) Any and all books and record which record the wages paid to your employees during the period from October 24, 1940, to date.

"(2) Any and all books, documents, time cards, time sheets, papers or memoranda made or kept by you which record the hours worked each workday and each workweek by your said employees during the period from October 24, 1940, to date.

"(3) Any and all books, records, documents, receiving slips, invoices or memoranda of purchase and shipments received by you from points outside the State of Idaho during the period from October 24, 1940, to date.

"(4) Any and all invoices, shipping receipts, copies of bills of lading or other documents, records or memoranda pertaining to goods sold, shipped, delivered, transported or offered for transportation from your establishment in Twin Falls, Idaho, during the period from October 24, 1940, to date. Fail Not At Your Peril"

ment overlooks the fact that, regardless of the asserted technical defects of the application, the court was here required, by the issues raised, to squarely and ultimately determine whether the subpoena was lawful and its requirements should be enforced in response to the prayer of the application. This prayer was for the enforcement of the subpoena, and not for enforcement of some other form of relief. If the demands of the subpoena were outside the four corners of the law, the court could not lawfully order its enforcement, regardless of any allegations in a petition for enforcement. The demands of the subpoena alone provided the basis for a correct determination by the court.

A consideration of the terms of the Act leads us to the conclusion that appellee was clearly entitled to have produced the documents and records sought in the subpoena in order that he might inquire into the complaint of violation of certain sections of the Act noted in the subpoena. There can be no doubt of his authority to require the giving of testimony concerning these records by those controlling them and having them in their custody and possession, nor do we doubt that the documents described in the subpoena were relevant and pertinent documents in such an inquiry. They were demanded in the subpoena, and appellee had authority to make such demand under the terms of the Act.

Judgment affirmed.