### MINES AND METALS CORP. et al. v. SECURITIES AND EXCHANGE COMMISSION.

No. 13340.

United States Court of Appeals
Ninth Circuit.

Nov. 20, 1952.

Rehearing Denied Dec. 29, 1952.

318

Morris Lavine, Los Angeles, Cal., for appellant.

Roger S. Foster, General Counsel, SEC, Washington, D. C., Howard A. Judy, Regional Adm., SEC, San Francisco, Cal., and G. M. Cuthbertson, Attorney, SEC, Los Angeles, Cal., for appellee.

Before DENMAN, Chief Judge, and BONE and POPE, Circuit Judges.

POPE, Circuit Judge.

This is an appeal from an order of the District Court directing the appellants to

comply with a subpoena duces tecum issued by the Securities and Exchange Commission requiring appellants to appear before an officer of the Commission and to produce certain books, papers and documents of the corporate appellants.[1]

On December 11, 1951, the Commission ordered an investigation to determine whether the corporate appellants and certain named individuals were violating § 5(a) of the Securities Act, 15 U.S.C.A. § 77e, relating to the sale of unregistered securities in interstate commerce, or by use of the mails. The order for investigation recited that information reported to the Commission by its staff if true tended to show that certain individuals were engaged in selling the common stock of those corporations to the public notwithstanding no registration statement had been filed on behalf of either of them. During the investigation a designated officer of the Commission issued subpoenas duces tecum to the appellants Ball, Bush and McGinnis, president, vice-president and secretary-treasurer respectively, of both corporations, directing each of them to appear with the designated corporate books and records. None of them appeared but all three moved to quash the subpoenas. The Commission then made the application here under review for an or-

der enforcing the subpoenas and after hearing the district court denied the motion to quash and entered an order directing compliance. This appeal followed.

■ The burden of appellants' argument upon this appeal is that the Commission was without jurisdiction either to make the investigation or to issue the subpoenas duces tecum. On the face of it, the Act would appear clearly to authorize the doing of precisely what was done by the Commission in this instance. § 19(b) of the Act authorizes such an investigation in the broadest terms and with a wide discretion in the Commission.[2] § 20(a) empowers the Commission or its designated officer to subpoena witnesses and require the production of books, papers and documents which the Commission deems relevant or material to the inquiry.[3]

Appellants' argument appears to be that neither of these corporations was subject to investigation by the Commission for the reason that each of them was within some supposed exemption created by the Act. The statement of appellants' brief is that "an exemption occurs unless the par value of stock is in excess of $300,000." It is pointed out that Mines and Metals Corporation is a Nevada Corporation organized with 100,000 shares of capital stock with a

1. § 22(b) of the Securities Act of 1933, 15 U.S.C.A. § 77v(b), provides: "In case of contumacy or refusal to obey a subpoena issued to any person, any of the said United States courts, within the jurisdiction of which said person guilty of contumacy or refusal to obey is found or resides, upon application by the Commission may issue to such person an order requiring such person to appear before the Commission, or one of its examiners designated by it, there to produce documentary evidence if so ordered, or there to give evidence touching the matter in question; and any failure to obey such order of the court may be punished by said court as a contempt thereof."

2. § 19(b): "For the purpose of all investigations which, in the opinion of the Commission, are necessary and proper for the enforcement of this subchapter, any member of the Commission or any officer or officers designated by it are empowered to administer oaths and af-

firmations, subpena witnesses, take evidence and require the production of any books, papers, or other documents which the Commission deems relevant or material to the inquiry. Such attendance of witnesses and the production of such documentary evidence may be required from any place in the United States or any Territory at any designated place of hearing." 15 U.S.C.A. § 77s(b).

3. § 20(a): "Whenever it shall appear to the Commission, either upon complaint or otherwise, that the provisions of this subchapter, or of any rule or regulation prescribed under authority thereof, have been or are about to be violated, it may, in its discretion, either require or permit such person to file with it a statement in writing, under oath, or otherwise, as to all the facts and circumstances concerning the subject matter which it believes to be in the public interest to investigate, and may investigate such facts." 15 U.S.C.A. § 77t(a).

par value of $1.00 per share. As for Steel, Inc., while its authorized capital does not appear, it is disclosed that it is a foreign corporation organized under the laws of the Republic of Panama with its offices in the City of Panama where its books and records are located.

There is no exemption either by virtue of the Act, or the regulations thereunder, such as that urged by the appellants. No exemption occurs by reason of either the number or par value of the shares of stock of a corporation. Under the authority granted to it by the Act, the Commission has adopted its Regulation A, which provides that, conditional upon the filing of a letter of notification with the Commission, exemption will be granted to certain security offerings provided the aggregate *offering price* shall not exceed $300,000.

In this case, admittedly there was neither a registration statement nor a letter of notification filed on behalf of either corporation, and although in support of their motion to quash the subpoenas and in resistance of the Commission's application for an order of enforcement the appellants filed affidavits of their officers disclosing the amount and par value of the stock of Mines and Metals Corporation, those affidavits contained no statement of the price at which the stock was offered and sold to the public.

As we have indicated, it is the offering price, not the par value, which defines the right to an exemption under Regulation A. Of course, Regulation A cannot be relied upon in any event if the required letter of notification was not filed. We find nothing whatever to disclose any exemption on behalf of Mines and Metals Corporation. As for Steel, Inc., its claim that its books and records are immune to inspection because they are kept in the Republic of Panama, is frivolous in view of this court's decision in Securities and Exchange Commission v. Minas de Artemisa, 9 Cir., 150 F.2d 215, 217.

It is argued on behalf of Mines and Metals Corporation that although it filed no letter of notification pursuant to Regulation A, it should be treated as though such letter had been filed because it appears from affidavits filed in the proceedings below that the appellant Ball (at some unstated date in the past, identified only as prior to the organization of the corporation), went to the offices of the Commission at San Francisco and inquired whether a registration statement would be necessary if the corporation was organized with 100,000 shares of stock of $1.00 par value each; that he was then informed (by some person not identified) that no registration statement was or would be necessary and that such a corporation was and would be exempt from the scope and jurisdiction of the Commission. The affidavit of Ball further is that about October 1, 1951 he with the appellant Bush saw one G. M. Cuthbertson, attorney at the Los Angeles office of the Commission and at that time Ball had with him the stock certificate books of the corporation. His affidavit states that he then informed Mr. Cuthbertson of his previous conversation at the San Francisco office of the Commission. Nothing is said as to what reply Cuthbertson made to this remark of Ball. The affidavit of the appellant Bush recites that he was present with Ball in the office of Cuthbertson when this statement was made. Bush's version of what Ball then told Cuthbertson is that at the earlier inquiry in the San Francisco office Ball had been told "that it was unnecessary to file any formal registration if the corporation was not going to make a formal public offering by the company of its stock for sale to the public."

Appellants say that because of the matters thus disclosed in these affidavits, the corporation is exempt from regulation by the Commission, partly because of some theory of waiver by the Commission and partly because these oral conversations gave the Commission the same information it would have had if a letter of notification had been filed. It is difficult to deal with patience with an argument that an unidentified person at an unspecified date prior to the organization of the corporation could waive the corporation's obligation of compliance with a penal statute, or strip the

Commission of powers which it is charged with performing.[4]

■ Even if a letter of notification had been filed the power and duty of the Commission to make an investigation of the kind here undertaken would be unaffected. The Commission is not obliged to take the word of any one who may file such a letter of notification. The statements in such a letter might be false. The order for the investigation in this case discloses that the Commission has information that persons connected with Mines and Metals Corporation have been selling its stock from April 14, 1944 to the date of the order. It is appropriate for the Commission to find out what the price has been.

But the letter was not filed, and the argument that its filing had been waived is frivolous.

■ Appellants say that the Commission in a proceeding of this kind must affirmatively show violations, or probable violations of the Securities Act of 1933 before it has jurisdiction to proceed with such an investigation. It is contended that the Commission may proceed only if facts are established "sufficient to show reasonable and probable cause, similar to that required for a search warrant". Repeated declarations of the Supreme Court and of this Court are to the contrary. Oklahoma Press Pub. Co. v. Walling, 327 U.S. 186, 66 S.Ct. 494, 90 L.Ed. 614; Endicott Johnson Corp. v. Perkins, 317 U.S. 501, 63 S.Ct. 339, 87 L.Ed. 424; Penfield Co. of California v. Securities and Exchange Commission, 9 Cir., 143 F.2d 746, 154 A.L.R. 1027, certiorari denied 323 U.S. 768, 65 S. Ct. 121, 89 L.Ed. 614; Brewer v. Securities and Exchange Commission, 9 Cir., 145 F.2d 233; Consolidated Mines of Calif. v. Securities and Exchange Commission, 9 Cir., 97 F.2d 704; Woolley v. United States, 9 Cir., 97 F.2d 258.[5]

■ It is argued that the subpoenas were too "vague and uncertain in not specifying the nature or type of investigation * * * and in failing to inform the persons subpoenaed of the subject matter of the investigation" and that they were "too broad and exploratory". Reference to the cases last cited and an examination of the order and subpoena here involved, readily discloses that these contentions are without merit. The books and records called for, some 12 items, are all clearly related to the sale of the stock of the corporation. In the cited cases subpoenas and orders for the production of similar documents were all approved.

■ Finally, the appellant Bush objects to the order on the ground that he has filed an affidavit alleging that he has neither custody nor control of all the documents here sought. This is a matter not relevant to this proceeding. As this court has held, the proper time to decide such an issue is when the order of the district court is disobeyed. Hagen v. Porter, 9 Cir., 156 F.2d 362.

The order of the district court is affirmed.

---

4. "[I]t is enough to say that the United States is neither bound nor estopped by acts of its officers or agents in entering into an arrangement or agreement to do or cause to be done what the law does not sanction or permit." Utah Power & Light Co. v. United States, 243 U.S. 389, 409, 37 S.Ct. 387, 391, 61 L.Ed. 791, cited in United States v. State of California, 332 U.S. 19, 40, 67 S.Ct. 1058, 91 L.Ed. 1889.

5. Oklahoma Press Pub. Co. v. Walling, supra, 327 U.S. at pages 208, 209, 66 S.Ct. at page 505: "It is not necessary, as in the case of a warrant, that a specific charge or complaint of violation of law be pending or that the order be made pursu-

ant to one. It is enough that the investigation be for a lawfully authorized purpose, within the power of Congress to command. This has been ruled most often perhaps in relation to grand jury investigations, but also frequently in respect to general or statistical investigations authorized by Congress. The requirement of 'probable cause, supported by oath or affirmation' literally applicable in the case of a warrant is satisfied, in that an order for production, by the court's determination that the investigation is authorized by Congress, is for a purpose Congress can order, and the documents sought are relevant to the inquiry."