**FEDERAL COMMUNICATIONS COMMISSION, Petitioner,**

v.

**Taft B. SCHREIBER, and MCA, Inc., Respondents.**

**No. 1258–61.**

United States District Court
S. D. California,
Central Division.

Jan. 22, 1962.

---

4. See footnote 3.

5. See footnote 3.

Francis C. Whelan, U. S. Atty., by Frederick M. Brosio, Jr., Asst. U. S. Atty., Los Angeles, Cal., for petitioner.

Beilenson, Meyer, Rosenfeld & Susman, by Allen E. Susman, and Jeffrey L. Nagin, Beverly Hills, Cal., for respondents.

YANKWICH, District Judge.

By the Complaint, the Petitioner, the Federal Communications Commission, hereinafter referred to as "the Commission", seeks the enforcement of subpoenas and orders pursuant to §§ 401(a), 401(b), 409(f) and 409(g) of the Communications Act of 1934, (47 U.S.C.A. §§ 401(a), 401(b), 409(f), 409(g)) in effect, commanding the respondents, MCA, Inc., a corporation organized and doing business under the laws of the State of Delaware, and Taft B. Schreiber, an individual, both with offices and place of business located at 9370 Santa Monica Blvd., Beverly Hills, California, to be referred to as "the Respondents," to appear before the Commission at a time and place to be subsequently determined by it and to bring with them and to produce certain books, papers and

documents as required by a subpoena *duces tecum* lawfully issued by the Commission on October 17, 1960 and duly served upon respondent Schreiber and the orders of the Commission released January 27, 1961, and February 3, 1961, also duly served upon respondents.

■ The power of the Commission to institute investigations of the type now before it, seeking to determine whether certain practices are being indulged in in programming television, has long been sustained. A succinct statement of the principle is contained in Stahlman v. Federal Communications Commission, 1941, 75 U.S.App.D.C. 176, 126 F.2d 124, 128:

> "* * * the Commission may, without interference, seek through an investigation of its own making information properly applicable to the legislative standards set up in the Act. We should not assume that the investigation will be conducted for any other purpose or in disregard of the constitutional limits which govern such procedure." (p. 128)

The courts have applied the same reasoning to this and other agencies in sustaining pre-complaint investigatory subpoenas. (See, Federal Trade Commission v. National Biscuit Company, D.C. 1937, 18 F.Supp. 667, 671; Federal Communications Commission v. Cohn, D.C. 1957, 154 F.Supp. 899, 906; Hunt Foods & Industries, Inc., v. Federal Trade Commission, 9 Cir., 1960, 286 F.2d 803, 808–809, affirming the writer's opinion in Federal Trade Commission v. Hunt Foods and Industries, Inc., 1959, 178 F.Supp. 448.)

■ From the cases just cited, and from the Complaint and the supporting documents filed by the Commission, it is apparent that the inquiry sought here is clearly within the investigatory powers of the Commission. The objections of the respondents that their counsel was not allowed to *cross-examine* witnesses is without merit. In a noted decision, Hannah v. Larche, 1960, 363 U.S. 420, 80 S.Ct. 1502, 4 L.Ed.2d 1307, the present Chief Justice, in considering the scope of the investigatory powers of various administrative commissions, said this of the meaning of the right to counsel in proceedings before administrative agencies:

> "A typical agency is the Federal Trade Commission. Its rules draw a clear distinction between adjudicative proceedings and investigative proceedings. 16 CFR, 1958 Supp., § 1.34. Although the latter are frequently initiated by complaints from undisclosed informants, id., §§ 1.11, 1.15, and although the Commission may use the information obtained during investigations to initiate adjudicative proceedings, id., § 1.42, nevertheless, persons summoned to appear before investigative proceedings are entitled only to a general notice of 'the purpose and scope of the investigation,' id., § 1.33, and while they may have the advice of counsel, 'counsel may not, as a matter of right, otherwise participate in the investigation.' Id., § 1.40. The reason for these rules is obvious. The Federal Trade Commission could not conduct an efficient investigation if persons being investigated were permitted to convert the investigation into a trial. We have found no authorities suggesting that the rules governing Federal Trade Commission investigations violate the Constitution, and this is understandable since any person investigated by the Federal Trade Commission will be accorded all the traditional judicial safeguards at a subsequent adjudicative proceeding, just as any person investigated by the Civil Rights Commission will have all of these safeguards, should some type of adjudicative proceeding subsequently be instituted." (363 U.S. p. 446, 80 S.Ct. p. 1517) [1]

---

[1] This statement of our highest court dispells the contrary argument derived by respondents from the rulings of the courts in United States v. Smith, D.C.

**424**

The proceeding before the Commission is clearly *investigatory*. It is not an *adjudicatory* proceeding of the type governed by § 409 of Title 47. To be more specific: As alleged in the Complaint, the object of the investigation carried on by the Commission was

"to determine, principally, whether the television networks, Commission licensees, or others may be arbitrarily restricting or excluding the broadcast of otherwise meritorious programs or advertising material."

■ In its Order of February 27, 1959, the Commission determined that to answer the question in an adequate manner it was necessary to make a comprehensive fact-finding investigation into the daily operation of the industry in the creation and selection of programs and advertising for television exhibition. The subpoena issued and served on the respondents on October 17, 1960, before James D. Cunningham, Chief Hearing Examiner, ordered the respondents to appear and produce certain documents. These were listed in "Annex B", which is printed in the margin,[2] and which required them to produce, at the time and place, the books, papers and documents therein described. In sum, "Annex B" of the Commission's subpoena seeks a list of all television programs in which respondent MCA, Inc. has acted as "packager",[3] and which were exhibited over the three major television networks since September 1, 1958. These were reasonably relevant to the inquiry. (Mines and Metals Corp. v. Securities & Exchange Commission, 9 Cir., 1952, 200 F.2d 317, 321; Detweiler Bros. v. Walling, 9 Cir., 1946, 157 F.2d 841; United States v. Woerth, D.C.Iowa 1956, 130 F.Supp. 930, 937–939)

Conn., 1949, 87 F.Supp. 293 and Backer v. Commissioner, 5 Cir., 1960, 275 F.2d 141, 144. On close analysis these cases do not help the respondents.

In Smith, officers of a corporation summoned before an Internal Revenue agent to testify concerning a corporate tax return declined to testify because their attorney was not allowed to be present. The court enforced the subpoena, but ordered that the attorney be permitted to be present. Whatever language may have been used as to the application of § 6(a) of the Administrative Procedure Act (5 U.S.C.A. § 1005(a)) is foreign to the issue before us. Indeed, that section especially allows counsel to be present. More, the court stated, by their presence, counsel were merely to "advise upon their constitutional rights". (87 F.Supp. p. 294)

In Backer, the employee of a taxpayer, an accountant, was summoned before an Internal Revenue agent to testify concerning the latter's income. He appeared with the taxpayer's counsel. The agent refused to allow the attorney to appear. The action of the trial court in not allowing the taxpayer's attorney to appear, in deference to a departmental regulation, was reversed on appeal.

In sum, what the courts were deciding was not *the scope of inquiry* in administrative proceedings, but they were merely sustaining the right to counsel in some definite proceedings under the tax statutes. Here, the respondents were allowed the benefit of advice of counsel. Counsel were denied the right to participate *directly* in the proceedings by cross-examination of witnesses. The cases cited in the text fully sustain the ruling.

2. "(B) A list of all television programs whether series programs, special programs, or otherwise, which appeared on or were exhibited by or through the facilities of the television networks of NBC, CBS, or ABC, since September 1, 1958, in which MCA, Inc. or any predecessor affiliate or subsidiary of MCA, Inc. acted as packager and/or, by agreement or otherwise, is entitled to receive or has received a percentage of the cost or selling price of said program or was or is entitled to receive or has received other compensation, remuneration or fees in connection with the packaging, licensing for broadcast or selling of said program, otherwise than as remuneration or compensation for the representation as agent of individual natural persons as talent."

3. The term "packaging" is generally applied to the process of developing and assembling the talent and scripts for a particular program or programs. A producer has general charge of the physical processes by which the package is readied for television production.

To use the language which the Supreme Court applied to the Federal Trade Commission,

> "Its broad power of investigation and subpoena, prior to the filing of a complaint" (Automatic Canteen Co. of America v. Federal Trade Commission, 1953, 346 U.S. 61, 79, 73 S.Ct. 1017, 1027, 97 L.Ed. 1454)

is beyond challenge. The fact that the respondents were not licensees of the Commission did not prevent it from seeking information from them. As said in Federal Communications Commission v. Cohn, D.C.N.Y.1957, 154 F.Supp. 899, 906:

> "In furtherance of its powers to investigate, the Commission has been granted full power of subpoena, 47 U.S.C.A. § 409(e). *This power is, of course, not confined to those over whom it may exercise regulatory jurisdiction, but to any persons from whom it can obtain information and documents which are relevant and material to its inquiry.* The argument of the respondents that they are exempted from the subpoena power of the Commission because the Commission has no regulatory power over them, *would be wholly inconsistent with the broad powers of investigation with which the Commission is vested and would circumscribe such power so as to severely restrict its effectiveness.* There is no doubt that administrative agencies vested with such powers may, by compulsory process, require the production of information and documents from third persons who are not within their regulatory jurisdiction if the information sought is necessary and relevant to their authorized and lawful inquiry."

No disclosure is sought of business costs, profits and losses. These facts are not in dispute, but the respondents attack the power of the Commission to make the inquiry and object to what might be called "the methodology" of the Commission in limiting this right to counsel and in other respects. The power to investigate and the right to counsel have already been treated fully. We consider the other objections briefly.

The complaint that the Commission has not promulgated "ground rules" as required by the Administrative Procedure Act (5 U.S.C.A. §§ 1002, 1003) is not well taken. It is doubtful if the provisions of that Act apply to any but adjudicating agencies. (Hannah v. Larche, supra, 363 U.S. pp. 452–453, 80 S.Ct. 1502, 4 L.Ed.2d 1307) Furthermore, there is evidence in the record showing that rules have been promulgated which are suited to the needs of the Commission.[4] At any rate, unless and until an adjudicative stage is reached, the failure to make rules becomes an abstract question which need not be decided now. Failure to do so does not prejudice the respondents. However, I am of the opinion that in view of the well-grounded fears of the respondents that the testimony to be given might result in disclosure of trade-secrets, of which competitors might take advantage, it is ordered that the Examiner confine attendance at the hearing to the persons directly involved in the proceedings, their counsel, experts and witnesses and *exclude the general public.*

At the hearing the Court reserved, as usual, its right to call for additional oral arguments. The matter has been pending for several months. In addition to the oral arguments already had, extensive briefs have been filed. In the circumstances, the Court feels that no additional oral argument is necessary.

The respondents, MCA, Inc. and Taft B. Schreiber, are hereby ordered to appear before a Hearing Examiner duly ap-

---

4. See, § 1.10 of the Commission's Rules and Regulations, 47 C.F.R., § 1.10 and thirteen special orders issued in the present proceeding, and published. See, 24 F.R. 1605, 2918, 3060, 5122, 5726, 9275, 9377; 25 F.R. 2116, 6998, 7552; 26 F.R. 992, 1194, 4462.

pointed by the Commission at a time and place to be fixed by the Commission, to testify and to produce books, papers and documents in accordance with the above-mentioned subpoena and orders issued by the Commission and duly served upon the respondents. Jurisdiction will be retained by the Court for any subsequent proceedings consequent upon the order. (Hunt Food & Industries, Inc. v. Federal Trade Commission, 9 Cir., 1960, 286 F.2d 803, 813)

Formal findings and Order to be prepared by counsel for the Commission under local Rule 7, West's Ann.Code.