Joe N. CHAVEZ, Mary Alice Chavez, his wife, Floyd Bachmann and Gertrude Bachmann, his wife, Appellants,

v.

John L. KELLY, Jr., Appellee.

No. 8293.

United States Court of Appeals
Tenth Circuit.

July 13, 1966.

Courtney Vallentine, Albuquerque, N. M., for appellants.

Florence Wagman Roisman (David L. Rose, Washington, D. C., John Quinn and John W. Douglas, Washington, D. C., with her on brief), for appellee.

Before MURRAH, Chief Judge, and PHILLIPS and LEWIS, Circuit Judges.

MURRAH, Chief Judge.

This is an appeal from a summary judgment denying recovery of compensatory and punitive damages for alleged slander by federal officer John L. Kelly, Jr.,[1] on the grounds that the statements were absolutely privileged. The case was properly removed to the federal district court under the provisions of 28 U.S.C. § 1442(a) (1).

The amended complaint alleged that in November of 1964 defendant Gilmore falsely and maliciously stated to defendant Kelly, a federal narcotics officer, that the plaintiff-appellants were planning to engage in illegal transportation of narcotics from Mexico to the United States in the vicinity of El Paso, Texas; that Kelly conveyed this information to the Customs officers in El Paso; that the statements were made in conjunction with each other and for the purpose of causing an illegal arrest and search of the plaintiffs in El Paso; that each of the plaintiffs was falsely arrested without warrant in the vicinity of El Paso by Customs officers, illegally searched, assaulted, battered and forced to disrobe and submit to indecent search to their humiliation, mental pain and anguish. It was specifically alleged that the acts complained of were malicious, reckless, without probable cause and prompted by personal aims completely beyond the "outer perimeter of any office or duty of Kelly as a federal officer"; that the defendants thereafter maliciously conspired to defame and injure the plaintiff Joe Chavez by unsuccessfully attempting to obtain an indictment against him by a Bernalillo County Grand Jury on the basis of their statements to the grand jury concerning their personal suspicions of Chavez.

It is apparently conceded, as it must be, that if Kelly made the allegedly slanderous statements in the course of the performance of his duties as a federal officer, he is immune from civil liability for any resulting damages. See Barr v. Matteo, 306 U.S. 564, 79 S.Ct. 1335, 3 L.Ed.2d 1434; Howard v. Lyons, 360 U.S. 593, 79 S.Ct. 1331, 3 L.Ed.2d 1454; Preble v. Johnson, 10 Cir., 275 F.2d 275; Garner v. Rathburn, 10 Cir., 346 F.2d 55; Denman v. White, 1 Cir., 316 F.2d 524. On appeal from the summary judgment we decide only whether, as appellants insist, any genuine issue of fact bearing on the critical question survived an examination of the pleadings, affidavits and depositions. Bushman Construction Company v. Conner, 10 Cir., 307 F.2d 888, 892; United States v. Kansas Gas and Electric Company, 10 Cir., 287 F.2d 601, 602; Alaniz v. United States, 10 Cir., 257 F.2d 108. Mere allegations or statements to the effect that the allegedly slanderous statements were made outside the perimeter of the federal officer's duties do not make them so. Whether the statements made were within the officer's course of duty is a question of law which we decide on the uncontroverted facts, i. e. see Preble v. Johnson, supra.

The pertinent facts are that John L. Kelly, Jr., is the Agent in Charge of the Albuquerque, New Mexico, Office of the Bureau of Narcotics, and David I. Gilmore was a Special Investigator for the Bernalillo County, New Mexico, Grand Jury. Immediately prior to his commission as Special Investigator, Gilmore received information that some of the personnel in the County Sheriff's Office might be involved in smuggling narcotics into the United States from Mexico. He continued to receive similar information until he thought there was reason to believe that appellant Joe Chavez, a Deputy

---

1. The court found that the case against defendant David I. Gilmore involved proceedings in the state court and remanded it to "the tribunal from which it came", i. e. the District Court of Bernalillo County, New Mexico.

Sheriff, might be involved. He divulged this information to Agent Kelly. Gilmore was thereafter commissioned by the Grand Jury, and as Special Investigator received information from an "experienced law enforcement officer" that appellants Chavez and Floyd Bachmann were preparing to take trips to El Paso, Texas, immediately. This information was relayed to Agent Kelly who then telephoned a United States Customs Officer in El Paso, advising him that information had been received to the effect that Chavez might be involved in smuggling heroin, marihuana and counterfeit money and that Chavez and his wife were driving to El Paso in their automobile. Two days later, Kelly again telephoned the Customs Officer, told him that Bachmann, an associate of Chavez, and his wife were enroute to El Paso and gave him a description and pertinent Air Line information. Customs Agents observed the Bachmanns' arrival and attempted to keep all of the appellants under surveillance for the following two days, during which they made several round-trips between El Paso and Juarez, Mexico. Appellants were thereafter arrested in Chavez's automobile some twelve miles from the Customs Port of Entry, taken to the Customs Office and searched. No contraband was found on their persons nor in the automobile.

In his deposition and subsequent interrogatories propounded to Kelly the plaintiffs sought to elicit the content of the various conversations he had with Gilmore. The avowed purpose of the questions was to probe the probable cause for Kelly's statements to the Customs Officers in El Paso which led to the surveillance and subsequent arrest and search. Kelly refused to answer either in the deposition or in the response to requested interrogatories on advice of counsel. While the trial court gave no reason for its declination to compel answers, we think its ruling is fully justified on the admitted fact of Gilmore's statement that he had information from an "unusually reliable source" that plaintiffs "may be involved in smuggling narcotics and counterfeit money". This information imparted to Kelly was entirely sufficient to clothe him with the power and the duty as a federal narcotics officer to take such action as he deemed appropriate in the circumstances.

It is thus manifestly plain that what was said and done by Kelly was in pursuance of his duties as a federal narcotics officer, hence absolutely privileged under Barr v. Matteo, supra. And, this is so even if, as appellants assert, he was motivated by personal malice. See Garner v. Rathburn, supra.

It is significant to note that this is not a suit for false arrest or malicious prosecution against arresting and searching officers based upon an unauthorized arrest in violation of vested constitutional rights as in Miller v. Stinnett, 10 Cir., 257 F.2d 910 and Nesmith v. Alford, 5 Cir., 318 F.2d 110. See also Hughes v. Johnson, 9 Cir., 305 F.2d 67, 70. We have only to decide whether, based upon undisputed facts, Kelly was acting within the scope of his duties when he related information he considered reliable to Customs Officers who, acting upon such information, subjected plaintiffs to surveillance and consequent arrest and search. For purposes of our case it is enough that the information related to matters committed to Kelly in the performance of his duties, i. e. see Mr. Justice Black concurring in Barr v. Matteo, supra, 306 U.S. page 577, 79 S.Ct. 1335.

The judgment is affirmed.