PROGRESSIVE SECURITIES, INC., a corporation, Hubert D. Dawson and Ruth Josephine Dawson, Plaintiffs,

v.

Floyd YOUNG, William R. Schief, George Haine, Fred Florschutz, Alexander J. Brown, Jr., Craig Stanger, Paul F. Leonard, Roger K. Zuker, and United States Securities and Exchange Commission, Defendants.

Civ. A. No. 2286.

United States District Court
S. D. West Virginia,
Huntington Division.

April 18, 1967.

Norman E. Rood, Huntington, W. Va., for plaintiffs.

Walter P. North, Associate Gen. Counsel, S.E.C., Paul J. Kemp, Theodore S. Kaplan, Washington, D. C., for defendants.

CHRISTIE, District Judge:

This action was instituted in an attempt to enjoin the manner in which the United States Securities and Exchange Commission is conducting an investigation into what plaintiffs contend is their purely *intrastate* securities business at Huntington, West Virginia, and to recover monetary damages against certain of the Commission's investigators for libel and slander.

Defendants have moved to dismiss the complaint for a variety of reasons as well as for summary judgment. Insofar as necessary to adequately dispose of the several issues presented, the motions will be treated separately.

## GOVERNMENTAL IMMUNITY AND FAILURE TO JOIN INDISPENSABLE PARTIES

The law is well settled that the S.E.C., as an agency of the United States, may only be sued in the manner authorized by Congress. There has been no consent for an action of this sort and it may not be maintained against the Commission *eo nomine.* Holmes v. Eddy, 341 F.2d 477 (4th Cir. 1965). Equally well established is the rule that

where a complainant seeks judgment or decree against the conduct of subordinate government officials, the granting of which would require a superior government officer to take action, the superior government officer is an indispensable party to the cause. Therefore, inasmuch as the individual members of the Commission alone have the power to either stop or start the investigation plaintiffs here seek to enjoin, they are indispensable parties to this action. Stroud v. Benson, 254 F.2d 448 (4th Cir. 1958) cert. denied, 358 U.S. 817, 79 S.Ct. 28, 3 L.Ed.2d 59; Johnson v. Kirkland, 290 F.2d 440 (5th Cir. 1961), cert. denied 368 U.S. 889, 82 S.Ct. 142, 7 L.Ed.2d 88.

■ Accordingly, the members of the Commission not having been made parties to the action, the complaint must be dismissed insofar as it seeks relief against the Commission. But if leave were granted to amend by bringing into the action the members of the Commission, it would at best be questionable whether jurisdiction for the injunctive relief sought could be predicated upon Section 20 (15 U.S.C.A. § 77t) of the Securities Act of 1933 which grants authority to the Commission to investigate violations of that Act, to bring injunctive actions against those who are violating or about to violate it, to transmit to the Attorney General for criminal prosecution evidence of its violation and to seek writs of mandamus commanding compliance therewith or Commission orders issued thereunder; or upon Section 21 (15 U.S.C.A. § 78u) of the Securities Exchange Act of 1934 which grants the Commission authority to investigate violations of that Act, publish information concerning any such violations, bring subpoena enforcement actions in federal courts and injunctive actions against any person who is engaged or about to engage in violations of the Act, transmit evidence of violations to the Attorney General for criminal prosecution and seek writs of mandamus commanding compliance with the Act or Commission orders issued thereunder. Okin v. S. E. C., 46 F.Supp. 481 (S.D. N.Y.1942), aff'd 130 F.2d 903 (2d Cir. 1942) cert. denied, 317 U.S. 701, 63 S.Ct. 525, 87 L.Ed. 560.

■ Plaintiffs also rely upon the 4th and 5th Amendments to the United States Constitution and United States v. Morton Salt Co., 338 U.S. 632, 652, 70 S. Ct. 357, 369, 94 L.Ed. 401, where it was observed that, "Of course a governmental investigation into corporate matters may be of such a sweeping nature and so unrelated to the matter properly under inquiry as to exceed the investigatory power." However, there is no indication that such is the case in this instance. It is well established that federal regulatory agencies have the authority to conduct reasonable investigations into corporate affairs in order to determine whether or not that business is subject to regulation and if violations of federal statutes are occurring. Oklahoma Press Publishing Co. v. Walling, 327 U.S. 186, 66 S.Ct. 494, 90 L.Ed. 614; Mines and Metals Corp. v. S. E. C., 200 F.2d 317 (9th Cir. 1952) cert. denied 345 U.S. 941, 73 S.Ct. 832, 97 L.Ed. 1367; United States v. Morton Salt Co., supra.

In Mines and Metals Corp. v. S. E. C., supra, it was held that the Commission was not required to affirmatively show violations or probable violations of the Securities Act before it had jurisdiction to determine whether such violations were occurring, and in S. E. C. v. Harrison, 80 F.Supp. 226 (D.C.D.C.1948), it was held that a District Court lacked the power to control the conduct of hearings in investigatory proceedings by injunctive relief. In Guaranty Underwriters v. Johnson, 133 F.2d 54 (5th Cir. 1943), it was held that certain Commission proceedings were not enjoinable on the grounds that they would cause irreparable injury to a securities dealer's property rights. In Hannah v. Larche, 363 U.S. 420, 446, 80 S.Ct. 1502, 1517, 4 L.Ed.2d 1307, the Court observed that:

"Another regulatory agency which distinguishes between adjudicative and investigative proceedings is the Securities and Exchange Commission.

This Commission conducts numerous investigations, many of which are initiated by complaints from private parties. 17 CFR Section 202.4. Although the Commission's Rules provide that parties to adjudicative proceedings shall be given detailed notice of the matters to be determined, id., 1959 Supp., § 201.3, and a right to cross-examine witnesses appearing at the hearing, id., § 201.5, those provisions of the Rules are made specifically inapplicable to investigations, id., § 201.20, even though the Commission is required to initiate civil or criminal proceedings if an investigation discloses violations of law. Undoubtedly, the reason for this distinction is to prevent the sterilization of investigations by burdening them with trial-like procedures."

Our determination of this matter is not to be taken as an indication that the courts are devoid of power to restrain any agency action however wrongful; nor that we condone, if true, the conduct ascribed to investigator Floyd Young in the initial stages of the investigation. Nevertheless, in view of the relief sought, the grounds upon which it is predicated, the decided cases dealing with similar situations, the fact that 15 U.S.C.A. § 77i provides for judicial review of the Commission's order by the Court of Appeals as well as the developments that have taken place in related matters[1] since the institution of this action, we are persuaded that no claim upon which injunctive relief can be granted is stated in the complaint.

## INVESTIGATORS' LIABILITY FOR LIBEL AND/OR SLANDER

The complaint alleges that upon a challenge to its jurisdiction by these plaintiffs, defendant United States Securities and Exchange Commission, by and through its investigators, launched a campaign of harassment of these plaintiffs by wilfully and maliciously making false comments to customers of plaintiff Progressive Securities, Inc., and conspiring to obtain from various of its customers accusations and charges against it which were in fact untrue and that such conduct of said investigators, "under orders of defendant United States Securities and Exchange Commission," is causing plaintiff irreparable harm to their business interests and to their reputations. It is obvious, therefore, that on the face of the complaint the alleged libelous and slanderous utterances were made by the individual investigators while allegedly acting *under the orders of the Commission.* The law in this area is well settled and it is unlikely that any improvement can or will be made upon Judge Learned Hand's evaluation of the reasoning for it, as expressed in Gregoire v. Biddle, 177 F.2d 579, 581 (2d Cir. 1949):

"It does indeed go without saying that an official, who is in fact guilty of using his powers to vent his spleen upon others, or for any other personal motive not connected with the public good, should not escape liability for the injuries he may so cause; and, if it were possible in practice to confine such complaints to the guilty, it would be monstrous to deny recovery. The justification for doing so is that it is impossible to know whether the claim is well founded until the case has been tried, and that to submit all officials, the innocent as well as the guilty, to the burden of a trial and to the inevitable danger of its outcome, would dampen the ardor of all but the most resolute, or the most irresponsible, in the unflinching discharge of their duties. Again and again the public interest calls for action which may turn out to be founded on a mistake, in the face of which an official

[1.] On March 1, 1967, at the behest of the Commission, this Court granted a preliminary injunction enjoining these plaintiffs and one Charles R. Reynolds from violating Sections 10(b) and 15(a) of the Securities Exchange Act of 1934, as amended, 15 U.S.C. §§ 78j(b) and 78o(a) and Rule 17 CFR 240.10b–5, adopted and promulgated thereunder, and Section 17(a) of the Securities Act of 1933, as amended, 15 U.S.C. § 77q(a).

may later find himself hard put to it to satisfy a jury of his good faith. There must indeed be means of punishing public officers who have been truant to their duties; but that is quite another matter from exposing such as have been honestly mistaken to suit by anyone who has suffered from their errors. As is so often the case, the answer must be found in a balance between the evils inevitable in either alternative. In this instance it has been thought in the end better to leave unredressed the wrongs done by dishonest officers than to subject those who try to do their duty to the constant dread of retaliation. \* \* \*

"The decisions have, indeed, always imposed as a limitation upon the immunity that the official's act must have been within the scope of his powers; and it can be argued that official powers, since they exist only for the public good, never cover occasions where the public good is not their aim, and hence that to exercise a power dishonestly is necessarily to overstep its bounds. A moment's reflection shows, however, that that cannot be the meaning of the limitation without defeating the whole doctrine. What is meant by saying that the officer must be acting within his power cannot be more than that the occasion must be such as would have justified the act, if he had been using his power for any of the purposes on whose account it was vested in him. \* \* \* "

■ Thus, assuming for the purposes of this motion that the alleged "accusations and charges" complained of were untrue and might constitute libel or slander under different circumstances, they fail to do so here, in view of the admission in the complaint that they were made while an investigation was being conducted under the Commission's direction. It is a clear instance of government officers' immunity from civil liability for acts committed within the scope of their duty. Barr v. Matteo, 360 U.S. 564, 79 S.Ct. 1335, 3 L.Ed.2d 1434; Holmes v. Eddy, supra; Jones v. Kennedy, 73 App.D.C. 292, 121 F.2d 40 (D.C.D.C.1941); Heine v. Raus, 261 F. Supp. 570 (D.C.Md.1966).[2]

The complaint does not seek monetary damages against the Commission itself for the alleged libel and slander nor against defendant Young for other alleged improper conduct other than the statements he supposedly made in the course of the investigation.

## SUMMARY

Thus, in view of our determination that the injunctive relief sought is ill-advised, even if the members of the Commission were made parties, and that the individual investigators are immune from civil liability for the alleged statements made in the course of the investigation, the complaint must be dismissed as to all parties for failure to state a claim upon which relief can be granted.

Having reached this conclusion, it becomes unnecessary to consider the defendants' motion for summary judgment or the plaintiffs' motion to strike portions of the affidavits filed by defendants in support of their motion for summary judgment.

2. The present situation falls far short of that found in Kelley v. Dunne, 344 F.2d 129 (1st Cir. 1965) wherein a postal inspector's privilege was held to be no defense to an action for libel and slander on account of the inspector's statement that he had a warrant charging the plaintiff with robbery, where the inspector knew it to be false.