Irving M. MOLEVER, Plaintiff,
v.
Thomas LINDSEY, Defendant.
Civ. A. No. 30397.

United States District Court
E. D. Michigan, S. D.
Aug. 5, 1968.

Irving M. Molever, in pro. per.

Irving August, August, Frimet, Goren & Rains, Detroit, Mich., for plaintiff.

Patricia J. Pernick, Detroit, Mich., for defendant.

## RULING ON MOTION FOR SUMMARY JUDGMENT

ROTH, District Judge.

This is a civil action in which the plaintiff is seeking compensatory and punitive damages for an alleged slander committed by the defendant, Thomas Lindsey, a Bank Examiner with the Federal Deposit Insurance Corporation, hereafter referred to as "FDIC." The plaintiff, Irving M. Molever, alleges that at all times pertinent to his complaint, he was President and major stockholder in the Bank of Wheeling, a banking institution located in the City of Wheeling, West Virginia, and that at a meeting of the Board of Directors of the Bank of Wheeling and the Examining Committee of the bank on September 22, 1966, the defendant made the following allegedly false and defamatory remark:

"That Molever in his capacity as President of the Bank of Wheeling was guilty of misapplication of funds and false entry."

The defendant has moved to dismiss the complaint and/or for summary judgment in his favor. The Court will treat this as a motion for summary judgment. The plaintiff has moved to strike the affidavits of Patricia J. Pernick, Thomas Lindsey, and Edward H. DeHority. The motion is granted as to the affidavit of Patricia J. Pernick and denied as to the affidavits of Thomas Lindsey and Edward DeHority.

The defendant concedes, for the purpose of this motion only, that the statement was made by the defendant and that it was false and defamatory. While not every governmental employee in all instances can avail himself of the defense of absolute privilege in a defamation action, Kelley v. Dunne, 344 F.2d 129 (First Cir. 1965), if the immunity extends to an FDIC bank examiner, it is clear that if the defendant made the slanderous statement in the course of the performance of his duties as a federal officer, he is immune from civil liability. Chavez v. Kelly, 364 F.2d 113 (Tenth Cir. 1966). The issue before the Court, therefore, is whether there is any genuine issue of fact bearing on the critical issue of the scope of the defendant's duties and whether the immunity extends to him so that he is entitled to a judgment as a matter of law. Mere allegations or statements that the defamatory statement was made outside the perimeter of the defendant's duties does not make it so. Whether the statement was made within the scope of the defendant's course of duties is a question of law which we decide on the uncontroverted facts. Chavez v. Kelly, supra.

Title 12, U.S.C. Section 1818 provided that whenever the Board of Directors of the FDIC finds "that an insured bank or its directors or trustees have continued unsafe or unsound practices * * or have knowingly or negligently permitted any of its officers or agents to violate any provision of any law or regulation to which the insured bank is subject * * * the authority having the supervision of the bank shall receive a statement of those such practices * * for the purpose of correcting them."[1] A certified copy of the above-mentioned "statement" shows that on August 25, 1966, the Board of Directors of the FDIC made a "Findings of Unsafe and Unsound Practices and Order of Correction" in regard to the Bank of Wheeling. The statement ordered, among other things, that I. M. Molever be removed from any and all connection with the active management of the bank.

Section 1820(b) of Title 12, U.S.C., provides for the appointment of examin-

---

1. Title 12, U.S.C. Section 1818 was amended as of October 16, 1966 by Public Law 89–695.

ers who have the power to make an examination of any state non-member bank for insurance purposes. In making such examinations, the examiners have the power to make a thorough examination of all of the affairs of the bank and its affiliates and make a full and detailed report to the FDIC. While it is true, as the plaintiff points out, that there is nothing in Section 1820(b) which publicly sanctions or accords to Mr. Lindsey the duty to attend meetings of the Board of Directors of state banks, Section 1819 of Title 12, U.S.C., grants to the duly authorized agents of the Board of Directors of the FDIC the incidental powers necessary to carry out the powers so granted.

Edward DeHority states in an affidavit that he is the Chief of the Division of Examination, FDIC, Washington, D.C.; that the Manual of Examination of Policies, certified portions of which are attached to this affidavit, is the official declaration of the policies and procedures to be followed by Bank Examiners of the FDIC; that the Memorandum to Examiners and Assistants, dated February 14, 1951, under the signature of Vance L. Sailor, former Chief of Division of Examination, FDIC, a certified copy of which is attached to this affidavit, continues to reflect the relationship between Bank Examiners and insured banks and attendance by such examiners at a meeting of a bank's Board of Directors for the purpose of discussing conditions within the bank which are subject to criticism. A certified copy of a memorandum, dated July 1, 1956, from the Fifth District Office of the FDIC and a certified copy of a memorandum dated February 10, 1966, from Roger C. Eagleton, Supervising Examiner, both reflect the policy that examiners are to meet with the Board of Directors of a bank when there is a serious problem or substantial criticism in the report. It follows that one of the official duties of a FDIC bank examiner is to meet with the Board of Directors of a bank.

Mr. Thomas Lindsey states in an affidavit that he has worked for the FDIC since 1938 and that he has been a bank examiner continuously since 1947. Mr. DeHority states in another affidavit that he is the immediate supervisor of Mr. Lindsey, and that he directed Mr. Lindsey to proceed to Wheeling in July of 1966 to conduct an investigation into the affairs of the Bank of Wheeling and that Mr. Lindsey attended the meeting of the Board of Directors of the bank with his authorization and approval.

A certified copy of the minutes of the special meeting of the Board of Directors of the Bank of Wheeling, called on September 22, 1966, at 7:00 P.M., shows that Mr. Lindsey and others were invited to attend the meeting to go over the audit and make remarks. The minutes also show that Mr. Dusci, the Bank President, stated that Mr. Lindsey and Mr. Tucker had attended the meeting by request and approval of Washington.

Affidavits of the plaintiff, and Mr. Fred Games, who was present at the meeting when the statement was made, both state that the defendant said that his statement was unofficial and therefore not to be recorded in the minute book. Granting the truth of these two affidavits, it is still clear that Mr. Lindsey was attending that Board of Directors meeting in his official capacity. In this case, the conduct of the defendant was within the normal scope of his power; his activity was prima facie in accord with his duties and customary behavior; and this is a classic situation for the invocation of absolute privilege as explained by Judge Learned Hand in Gregoire v. Biddle, 177 F.2d 570 (Second Cir. 1949). A FDIC bank examiner must be free to candidly discuss the problems of a bank, which will almost surely reflect adverse criticism of some individual, without having the fear of being sued for what he says. Therefore, the evolutionary extension of the doctrine of absolute immunity applies to a FDIC bank examiner; the alleged slanderous statement was made in the course

of the performance of the defendant's duties as a federal officer; the defendant is entitled to a judgment as a matter of law; and, accordingly, the defendant's motion for summary judgment in his favor is granted. Chavez v. Kelly, supra. Holmes v. Eddy, 341 F.2d 477 (Fourth Cir. 1965). Denman v. White, 316 F.2d 524 (First Cir. 1963). Preble v. Johnson, 275 F.2d 275 (Tenth Cir. 1960). James v. Federal Deposit Insurance Corporation, 231 F.Supp. 475 (W.D.La. 1964). Progressive Securities, Inc. v. Young, 267 F.Supp. 20 (S.D.W.Va.1967).

An appropriate order may be submitted.